STEWART, Respondent, v. NELSON, Appellant.

1. Where a purchaser at a sheriff's sale practices any deceit or imposture, or is guilty of any trick or device, the object of which is to get the property at an under value, the sale may be set aside in favor of the defendant in the execution.

*Appeal from Cooper Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Torbert, Gardenhire, Morrow* and *Parsons*, for appellant.

*Adams* and *Hening*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

This was an action brought by Stewart against T. W. Nelson to set aside a sheriff's sale of real estate and to compel the defendant, who was the purchaser, to convey to him the title acquired by the sheriff's deed. The defendant answered the petition, and the cause was by the parties submitted to the court, who found the facts as follows: "That the plaintiff was indebted to the county of Cooper as stated in his petition; that he had given a mortgage to secure the debts as therein stated; that judgment had been rendered at the times and for the amounts mentioned in plaintiff's petition; that executions were issued upon the judgments, and that the property described in the plaintiff's petition was levied upon and sold under said executions as stated in the plaintiff's petition. The court also finds that the real estate sold consists of two distinct tenements, and that it was all sold together in one lump. There was no evidence however showing that the property would have sold for a better price if sold separate. The court further finds that at the time of the sale the plaintiff was in the state of California, and had no notice of the proceedings against him except by order of publication; that he had no knowledge or information of the sale until after it took place; and the court further finds that the defendant bid off the property in a lump at one bid; that no other bid was made. The court further finds that, prior to the sale, the justices of the county court of Cooper county—to-wit, Hazell Rice and Wade—made the arrangement with Joseph L. Stephens, who was the county attorney, to-wit, that he (Stephens) was to attend the sale and purchase the property, if it went at a price not exceeding fifteen hundred dollars, which they considered as about the amount, with costs, then due the county; that Stephens was to hold the property, if he bought, first, to secure the county of Cooper in the amount owing to the county, and suffer the plaintiff, on his return from California, if he returned in a reasonable time, to redeem the same by the payment of the

amount, interest and costs due the county; and that Stephens consented to act in the matter, to purchase the property and hold it on the terms aforesaid; and that Stephens, on the day of sale, made an arrangement with the sheriff to let him know when the bidding would commence; that said Stephens was in the court-house attending to business on the day of sale, and just before the bidding commenced the defendant came to Stephens and told him that he need not attend the sale, that he had made the same arrangement and would stand in his place. And the court further finds that immediately afterwards the property was offered by the sheriff; that in consequence of what defendant had told him Stephens did not attend the sale and run the property up to fifteen hundred dollars, or at least to the amount of the county debts, interest and costs, which was about that amount; and the court finds that the property was worth from fifteen hundred to two thousand dollars at the time of the sale; and the court further finds that the competition at said sale was prevented by the acts and conduct of the defendant, and that he obtained the property at an under value of about five hundred dollars less than it would have brought on that account. The court further finds that after the sale the defendant executed his notes to the county of Cooper for the amount of his bid instead of paying the money, and paid the amount of costs, leaving unpaid the balance of the debt to the county; that Nelson, the defendant, caused execution to be issued on the balance of the debt, which was about four hundred dollars, and ordered the same to be levied on other property of the plaintiff; and that plaintiff paid off the balance of the debt and interest, and offered, as alleged in his petition, to pay the defendant's notes to the county, and what money he had paid; also offered to pay all expenses he had been put to on account of repairs, taxes or any other expense he had been put to; but the defendant would not suffer him to redeem said property, to cancel or set aside the sale, or to convey it to the plaintiff; and the court finds that the defendant was not guilty of any of the other matters or charges

alleged against him by the plaintiff in his petition." The court declared the law upon the facts found to be that the sheriff's sale ought to be set aside, and that Nelson ought to convey the property back to Stewart by quit claim deed on his (Stuart's) paying off Nelson's notes to the county and refunding to said Nelson all the money he paid at the time of the sale, and paying to said Nelson all amounts expended on account of said property since the purchase; judgment was rendered accordingly; and in order to ascertain the amounts Stewart will have to pay and the amount of rents recovered by Nelson since the sale, it is ordered that an account be taken by Isaac Lionberger, who is hereby appointed commissioner for that purpose, who shall take said account and report to the next term of the court; and upon the filing of said report the time will be fixed within which Stuart shall redeem by the payment, &c. Defendant moved to review the finding, and stated his objections thereto. His motion was overruled, and he appealed to this court.

In looking into the testimony, we think the court was warranted in finding the facts, and we also entertain no doubt that the finding supports the judgment. We agree with the doctrine laid down in the Supreme Court of Pennsylvania, that a purchaser at a sheriff's sale who practices any deceit or imposture, or who is guilty of any trick or device, the object of which is to get the property at or under value, thereby renders the title so acquired worthless in his hands. (Abbey v. Dewey, 25 Penn. 416; Neale v. Hone, 20 Mo. 296; Wooton et al. v. Hinkle, 20 Mo. 290.) It is an unpleasant task to comment on such conduct and apply the terms the law warrants in administering it in such cases. We dismiss the subject by stating that there is nothing on the record requiring the interference of this court with the judgment below. Judge Scott concurring, the judgment is affirmed.