JOPLING *et al.*, *Appellants*, v. WALTON.

### Division Two, April 3, 1897.

1. **Pleading**: DEMURRER: MORTGAGES: REDEMPTION: TENDER: EQUITY. In an action to redeem property sold under a deed of trust, the mortgagor need not allege tender where he alleges a willingness to pay whatever amount the court may find due.

2. ———: ———: ———: ———. In order to recover in an action to redeem from foreclosure, plaintiffs must allege that sale was irregular or fraudulent, and demurrer is properly sustained to a petition that does not allege facts constituting fraud or irregularity.

3. **Deeds of Trust**: FORECLOSURE: PERSONAL NOTICE. The mortgagee is under no legal obligation to demand the money due before advertising the land for sale under a deed of trust, nor to notify plaintiff personally of the intended sale. If the sale was advertised and conducted according to the terms of the deed of trust, nothing more was required.

4. ———: ———. The fact that a sale of land under a first deed of trust took place during the life of an order of court, obtained upon the prayers of the second mortgagee, restraining them from foreclosing, does not invalidate the sale.

*Appeal from Bates Circuit Court.*—HON. JAMES H. LAY, Judge.

AFFIRMED.

*Francisco Brothers* and *T. W. Silvers* for appellants.

(1)   This was not a case where a tender was necessary.   Suppose a tender would be necessary to redeem from a sale that had been perfectly fair and open.   It does not follow that one is necessary, from such a sale as this, where it seems the holder of the first and third lien systematically set about to destroy the second lien, by the aid of a temporary injunction, a small bond, and such surreptitious methods as are set forth in the bill.   His conduct amounts to a fraud on appellants, and in such cases no tender is necessary. *Budle v. Crane*, 91 Mich. 429; *Maloy v. Berkin*, 11 Mont. 138.   (2) There is a wide difference in procedure, as to a tender, in courts of law and courts of equity.   The former may require a tender of an ascertained amount on a money demand before the commencement of an action.   But in equity, where no recovery of money can be enforced on either side on a money demand, but where relief is grounded on a state of facts showing that a sale should not have been made under the circumstances stated, as in this case, no tender is necessary.   "A court of equity is not bound by any fixed rules in relation to a tender of money, but will not allow the ends of justice to be defeated by an omission of an unimportant or useless act which nothing but a mere technicality could require."   This is undoubtedly the established rule in Missouri; and in the courts generally elsewhere. *Kline v. Vogel*, 90 Mo. 239; *Whelan v. Reilly et al.*, 61 Mo. 569; *Dwen, Ex'r, v. Blake et al.*, 44 Ill. 135; *Webster v. French, Ex'r*, 11 Ill. 254; *Barnard v. Cushman*, 35 Ill. 451; *Courtright v. Deeds*, 37 Iowa, 503; *Nelson v. Wilson*, 75 Iowa, 710; *Casserby v. Wetherbee*, 119 N. Y. 522; Story, Eq. Jurisprudence, sec. 64.   (3) A court of

equity may require a mortgagor, or subsequent incumbrancer, to pay off prior liens in a suit to redeem, as a condition on which relief will be granted, but no tender before decree is necessary. Pomeroy, Eq., secs. 392 and 393; *Lansing v. Smith*, 1 Par. Eq. 16. (4) If this were a case where a tender is necessary to entitle one to redeem, respondent could not take advantage of a want of it, because under the allegations of the petition, when appellants offered to pay him the money due on his first lien he refused to accept it, giving as a reason therefor that appellants had no interest in the property. He claimed that their lien was fraudulent. He waived all right to a tender of the money. *Harwood v. Diemer*, 41 Mo. App. 48; *McManus v. Gregory*, 16 Mo. App. 375; *McDonald v. Wolff*, 40 Mo. App. 302; *Walsh v. St. Louis Exposition*, 101 Mo. 534. (5) Courts of equity will correct descriptions and give relief to persons claiming under defective conveyances, and enforce the same against their heirs and subsequent purchasers with notice. *Pike et al. v. Martindale et al.*, 91 Mo. 268; *Barksdale v. Brooks*, 70 Mo. 197; *Martin v. Jones*, 72 Mo. 23; *Blackburn v. Tweedie*, 60 Mo. 505. (6) Equity will correct a mistake in a description, in a deed of trust, not only against grantors, but against parties to a prior deed of trust upon the same premises of which the grantees had no knowledge or notice. 20 Ency. of Law, p. 716, note; *Fenwick v. Bruff*, 1 McArthur, D. C. 107.

*Graves & Clark* for respondent.

(1) The bill avers no tender of the amount of the debt and interest of the first deed of trust but simply says that plaintiffs offered to pay defendant. An offer to pay is not a tender. The money must be produced. *Douglas v. Patrick*, 3 T. R. 683; *Thomas v. Evans*, 10

East. 101; *Dickinson v. Shee*, 4 Esp. 67; 2 Jones on Mortgages, sec. 1088; *Camnock v. Newburyport Sav. Inst.*, 142 Mass. 342; 2 N. E. Rep. 541. (2) This petition is a bill to redeem, and totally fails to state facts sufficient to justify equitable relief. The bill avers no tender, and if there had been a tender and the language of the petition justified that view. the pleading fails to show that such tender was followed up by payment into court. The bill is wholly without equity in absence of an allegation of tender. 2 Jones on Mortgages, sec. 1095; *Daughdrill v. Sweeney*, 41 Ala. 310; 2 Cobby on Ch. Mort., sec. 1025; *Stoddard v. Denison*, 38 How. Pr. 296; 32 N. Y. S. C. 54; *Meaher v. Howes*, 4 N. Eng. (Me.) 777; 10 Atl. 460. "If the bill does not show that the tender was made before it was filed, a tender made in it is not sufficient to authorize a decree of redemption, unless in connection with such offer, the bill also shows a valid and sufficient excuse for the omission to make the tender before it was filed." *Spoor v. Phillips*, 27 Ala. 193. (3) Where there is a default, the tender must be made before filing the bill to redeem and must also be kept good. This petition in terms admits a default authorizing a sale, but absolutely shows no tender; and there is no allegation showing that the tender has been kept good. *Crain v. McGoon*, 86 Ill. 431; 29 Am. St. Rep. 37; *Warner v. Tuch*, 127 N. Y. 217; 24 Am. St. Rep. 443; *Blain v. Foster*, 33 Ill. App. 297. (4) The general rule is that a tender is required in suit to redeem, and this general rule is only relaxed in cases where the bill shows a claim of payment, or that there must be an accounting had before the amount due can be ascertained. Neither claim is made in this petition and it falls under the general rule requiring tender. *Horn v. Indianapolis Bank*, 125 Ind. 381; 21 Am. St. Rep. 231.

This general rule is recognized in this State. *Deichmann v. Deichmann*, 49 Mo. 108.

BURGESS, J.—This is an action to correct a mistake in the description of land in a deed of trust, and to set aside the sale of and redeem the same land from a sale under a prior deed of trust.

Defendant demurred to the petition, the demurrer was sustained, and plaintiffs declining to plead further final judgment was rendered in favor of defendant, from which plaintiffs appealed.

The petition alleges that, on the fourth day of September, 1891, Monroe Joplin and W. L. Powell were sureties on the note of R. M. Powell and J. A. Powell to the Citizens National Bank of Sedalia, Missouri, and in order to protect them against loss said J. A. Powell, who was the grantor in both deeds of trust, agreed to give them a deed of trust, which was to be a second lien on the same land described in the first deed of trust, but in preparing the second deed of trust a mistake was made in the description of the land, in that it described the south half of the northwest quarter when it should have been the south half of the southwest quarter of section 20, township 42, range 30, Bates county, Missouri. That said J. A. Powell died before the payment of said note, and the plaintiffs who are his executors, paid the same to the Sedalia bank, had it assigned to them, and are the legal holders thereof. That prior to the execution of the second deed of trust, said J. A. Powell gave a trust deed on the land intended to be included in the second deed of trust, to the Bates County Loan & Land Company to secure the payment of the sum of $1,600, which was transferred by that company to defendant. That after the execution of said deeds of trust, the defendant bought whatever equity J. A. Powell had in said land at a sale under

execution issued upon a judgment rendered after the execution of said deeds of trust.

The petition then alleges that defendant had notice of the mistake in the description of the land in the second deed of trust and that the same land was intended to be included in both deeds. That they did not learn of the mistake in said deed of trust until after the death of J. A. Powell. That after the death of said Powell they qualified as executors of his estate, and as such paid off said note to the Sedalia bank; that they then offered to pay defendant the full amount including interest due on the note which he held, and which was secured by the first deed of trust, but that he refused to accept the same. That they then attempted to sell the land under the second deed of trust, and ordered the trustee therein named to foreclose it, whereupon defendant obtained an injunction, enjoining and restraining them from proceeding with the sale, and while said restraining order was in full force and effect, he fraudulently caused the land to be advertised for sale under the first deed of trust, in an obscure paper in said county, of which plaintiffs had no notice, and at said sale became the purchaser of said land at the price of $500, which, if it had been fairly and legally sold, would have brought a sufficient amount to have paid off both debts and interest. And that after the sale of the land under the first deed of trust and its purchase by defendant at such sale, he voluntarily dismissed his injunction suit.

The petition asks that plaintiffs be permitted to pay off defendant's debt and interest, that the second mortgage be corrected and for all proper relief.

One of the principal grounds of objection to the petition is, that it does not allege a tender to defendant before the commencement of the suit of the amount of

the debt and interest due upon the mortgage held by defendant, and under which the land was sold to him.

In *Quin v. Brittain*, 1 Hoff. Chy. 353, it was ruled in an action to redeem from a mortgage, that no offer to redeem was necessary. That in such case, there is no decree for payment, but the bill is dismissed upon default of payment, and the decree becomes equivalent to a foreclosure.

In *Kline v. Vogel*, 90 Mo. 239, there is quoted with approval from *Dwen, Ex'r, v. Blake et al.*, 44 Ill. 135, the following: "It is urged that there is no evidence of a tender. We do not understand that the law requires a mortgagor to make a tender before he can compel a redemption. All that is necessary is that he pay the sum found by the court to be due within the time limited by the decree. A court of equity is not bound by any fixed rules in relation to the tender of money, but it will not allow the ends of justice to be perverted or defeated by the omission of an unimportant or useless act, which nothing but a mere technicality could require. *Webster v. French*, 11 Ill. 254; *Barnard v. Cushman*, 35 Ill. 451. A tender being unnecessary to give the right, the allegation of the tender unproved could not be held to defeat the previously existing right."

In *Whelan v. Reilly*, 61 Mo. 565, in passing upon the question of tender and the kind of actions in which it must be made, it was said: "The proposition is doubtless a correct one when applied to a formal plea of tender in an action at law brought to recover a debt (2 Green. Ev., sec. 600), but is scarcely applicable to a case of this kind, where no recovery of money is asked on either side, but equitable relief, on the ground that the sale should not have occurred under the circumstances detailed in the petition, and established by the evidence. And this being a proceeding

in equity, will be governed by rules and principles prevalent in those courts where relief of that character is prayed.''

Plaintiffs allege in their petition a willingness to pay whatever may be found due to defendant on the note secured by the mortgage held by him, and thus comply with that just rule which requires, that ''He who seeks equity, must do equity.''  In such circumstances the court rendering the decree, if in favor of redemption, will make it conditional upon the payment of the amount due upon the mortgage debt, and thus do that which is equitable and just, and that is all the law requires.    It follows that this ground of demurrer was not well taken.

As notice of the mistake in the description of the land in the second deed of trust, and the issuance of the restraining order at the instance of defendant enjoining and restraining the sale of the land under the second deed of trust, stand admitted by the demurrer, the question arises as to the sufficiency of the petition to entitle the plaintiffs to the relief sought, as against the defendant, who acquired the property at the sale by the trustee in the first mortgage, and who executed to him a deed therefor.

In order to entitle them to such relief it must appear from the allegations of the petition that the sale was irregular or fraudulent.

The averments of the petition in that regard are in substance, that defendant caused the land to be advertised in an obscure newspaper having only a small circulation in Bates county, Missouri; that the land was put up and sold without any demand having been made for the money, before the principal sum was due, and said sale was without any knowledge of plaintiffs; that such secrecy was for the purpose of preventing plaintiffs from knowing of the sale, and to

cut them out of their interest in said land, and that in furtherance of defendant's purpose and design he had theretofore sued out an injunction enjoining and restraining plaintiffs from selling the land under the second deed of trust, and had it sold under the first deed of trust during the life of said restraining order.

The allegation with respect to the obscurity of the newspaper in which the land was advertised for sale, is a mere conclusion of law, and presents no issue of fact. The name of the paper is not even stated.

Defendant was under no legal obligation to de- mand the money due on his deed of trust before adver- tising the land for sale thereunder, nor to notify plain- tiffs personally of said intended sale. *Hardwicke v. Hamilton,* 121 Mo. 465. If he advertised the land for sale according to the terms of the deed of trust, and the sale was conducted in conformity therewith, noth- ing more was required.

As to the allegation that defendant caused the land to be sold while the ·order restraining plaintiffs from selling the land under the second deed of trust was in force, that was no evidence of fraud even if true; and if, as they allege, the injunction was improv- idently granted, and was subsequently dismissed, the law afforded them ample remedy upon the injunction bond for any damages that they may have sustained by reason of its having been improperly granted.

Our conclusion is that the petition states no cause of action and that the demurrer was properly sus- tained.

The judgment is affirmed. GANTT, P. J., and SHERWOOD, J., concur.