## W. F. POTTER v. DANIEL SCHAFFER, Appellant.

Division One, February 26, 1908.

1. **MORTGAGE: Failure to Pay Interest: Foreclosure.** Where there are a first and second deed of trust on land, the mortgagee cannot foreclose under the second for failure to pay interest due under the first.

2. ————: ————: **Tender: Redemption: Pleading.** Where the interest due was tendered prior to steps taken for a sale, and was refused, and there was a subsequent sale for failure to pay interest before the principal was due, a bill to redeem will be sufficient if it aver such facts and in addition contain an offer to do equity by the payment into court of such a sum as the court may find should be paid. The law does not require the tender to be kept good by a deposit in court. Nor does the law, where the creditor says he will not accept payment, require the debtor to actually count out the money; the law is met by an offer to pay accompanied by an apparent ability to pay.

3. ————: ————: **Effect of Tender.** By the payment of accrued interest and costs prior to sale, or a tender thereof, the

debtor has the right to stop the sale; and if, notwithstanding an offer to pay, the creditor through the trustee proceeds to foreclosure sale, the debtor has the right to redeem, unless that right is denied by some agreement in the contract.

4. ——: ——: ——: **Statute.** The statute (Sec. 4342, et seq., R. S. 1899) providing for the giving of a bond, etc., where the property is bought in by the *cestui que trust*, as a prerequisite of the mortgagor's right to redeem, is not exclusive, but merely cumulative. It does not purport to cover cases of equitable cognizance, and a failure to comply with it does not preclude a mortgagor having peculiar and special equities from urging his rights in a court of equity.

5. **LACHES.** The doctrine of laches does not apply where the defendant has acted in open and known hostility to the plaintiff's right and has not been misled by apparent acquiescence on his part. Where defendant, after wrongfully causing plaintiff's property to be sold under a deed of trust, bought it in, and took possession in open opposition to the wishes of the mortgagor, no consideration of good faith requires the mortgagor to bring his suit to redeem at the very earliest opportunity.

6. ——: **Redemption: Interest and Rents.** In a suit to redeem after wrongful foreclosure sale under a deed of trust, if interest is allowed the mortgagee in possession, the rents and profits should be deducted.

Appeal from Schuyler Circuit Court.—*Hon. Nat. M. Shelton*, Judge.

A FFIRMED.

*Fogle & Fogle* and *E. R. McKee* for appellant.

(1) Plaintiff's petition does not state facts sufficient to constitute a cause of action. Jopling v. Walton, 138 Mo. 485. (2) There was no tender in this case. Landis v. Saxton, 89 Mo. 375; Hudson v. Glencoe Gravel Co., 140 Mo. 103; secs. 1565 and 1564, R. S. 1899; Berthold v. Reyburn, 37 Mo. 586; Voss v. McGuire, 26 Mo. App., 452; Woolner v. Levy, 48 Mo. App. 469. (3) But if there was a tender after default in the payment, still appellant's deed would be good. A tender after maturity of the amount of the debt secured by a deed of trust on land, does not extinguish

the debt or lien, nor operate to defeat a sale and a trustee's deed thereunder. Hudson v. Glencoe Gravel Co., 140 Mo. 103; Cockrell v. Kirkpatrick, 9 Mo. 697; Raymond v. King, 58 Mo. App. 303; McClung v. Trust Co., 137 Mo. 106; Ruppel v. S. & B. Assn., 158 Mo. 613; Knollerberg v. Nixon, 171 Mo. 445; secs. 1564, 1565, R. S. 1899; McGuire v. Brockman, 58 Mo. App. 307; Kline v. Vogel, 90 Mo. 245; Landis v. Saxton, 89 Mo. 375. (4) A tender to be available must be kept good. Berthold v. Reyburn, 37 Mo. 587; Railroad v. Clark, 119 Mo. 357; Voss v. McGuire, 36 Mo. App. 452. (5) Plaintiff saw the notice of sale in the paper, was in town the day of the sale, saw the sale conducted, sat by and saw the defendant take possession of the farm, consented to it, saw the defendant improve it, fence it, cultivate it, pay taxes thereon, make lasting and valuable improvements, and waited for three years and more before he brought this suit to redeem; he is, therefore, guilty of such laches as equity will not tolerate. Laches is an equitable defense and there is no artificial, fixed, or determinate rule on this subject, but each case, as it arises, must be decided according to its own particular circumstances. Landrum v. Bank, 63 Mo. 48; Kline v. Vogel, 90 Mo. 239; Badger v. Badger, 2 Wall. 94; Sullivan v. Railroad, 94 U. S. 807; Twin Lick Oil Co. v. Marbury, 91 U. S. 591; Bliss v. Prichard, 67 Mo. 181; Evans v. Snyder, 64 Mo. 516; Stevenson v. Saline Co., 65 Mo. 425; Bradshaw v. Gates, 67 Mo. 221; Kelley v. Hurt, 74 Mo. 561; Burgess v. Railroad, 99 Mo. 497; Wall v. Beedy, 161 Mo. 625. (6) Plaintiff stood by and witnessed the sale and afterwards demanded the surplus, over and above the debt and the cost; he is, therefore, not entitled to redeem in this case. He is estopped from redeeming. White v. Smith, 174 Mo. 186. (7) Plaintiff is not entitled to redeem in this case for another reason, because under the statute he must give notice to the

trustee or *cestui que trust* that he intends to redeem
said land, and he must within a reasonable time file
with the court or clerk thereof in vacation a good and
sufficient bond to pay all the interest and waste that
may be committed on the land. This the plaintiff has
not done and therefore must fail on the first ground.
Secs. 4343 and 4345, R. S. 1899; Life Ins. Co. v. Rogers,
155 Mo. 311; Sheridan v. Nation, 159 Mo. 34; Wamsley
v. Dougherty, 163 Mo. 298. (8) To establish a tender,
proof must be clear that the full amount due was abso-
lutely and unconditionally tendered. Tuthill v. Mor-
ris, 81 N. Y. 94; Parks v. Allen, 42 Mich. 482; Canfield
v. Conkling, 41 Mich. 371; 1 Jones on Mortgages (6
Ed.), sec. 893. (9) The mortgage covers not merely
the debt, but the cost of a suit by the mortgagee to re-
cover the debt or to enforce the security. Rosin v.
Hall, 56 Me. 142; Hird v. Coleman, 42 Me. 182; Allen
v. Robbins, 7 R. I. 33; 1 Jones on Mortgages (6 Ed.),
sec. 981 a. (10) The right of redemption is barred
by a foreclosure properly made, except when a further
right is given by statute. Weiner v. Heintz, 17 Ill.
259; Stoddard v. Forbes, 13 Iowa 296; Ballenger v.
Bourland, 87 Ill. 513; Martin v. Ward, 60 Ark. 510;
sec. 4371, R. S. 1899; Bldg. Inv. Co. v. Dunsworth, 46
Mo. 369. (11) The deed is prima-facie evidence of de-
fault in payment of the debt, and that the sale was
made at the request of the holder of the note, and the
recital in the deed that certain interest coupons are due
and unpaid, is prima-facie evidence of that fact. Mor-
rison v. Herrington, 120 Mo. 674; Bldg. & Inv. Co. v.
Dunsworth, 146 Mo. 361; Hume v. Hopkins, 140 Mo.
65. (12) The statute provides a method and remedy
for the mortgagor in the redemption of his land sold
under foreclosure proceedings and is exclusive and
this method alone must be followed. This the plaintiff
did not do in this case and is therefore barred. McHen
v. Wells, 39 Mich. 175; Scobby v. Kinningham, 131

Ind. 552; Herdman v. Cooper, 138 Ill. 583; Thonley v. Moore, 106 Ill. 496; White v. Smith, 174 Mo. 200.

*John D. Smoot, C. E. Murrell* and *Higbee & Mills* for respondent.

(1) The evidence abundantly establishes that the February interest was actually tendered to Baker, and also to Schaffer, on February 20, and the printer's bill for the first insertion of the notice of sale was paid by plaintiff at the direction of George R. Baker, who ordered the foreclosure on behalf of defendant. That was sufficient to stop the sale; a sale after that would savor of oppression, and will be set aside. State ex rel. v. Ross, 136 Mo. 273; Swon v. Stevens, 145 Mo. 398. (2) Schaffer was the owner of the note at the time of the sale, at the time of the tenders, and long before. He was both buyer and seller; the sale was not made for the honest purpose of realizing the interest or debt; not only were the tenders oppressively refused, but the surplus was pocketed, according to Figge's evidence. Under the circumstances disclosed by the evidence in this case "equity will not stop to inquire for particular fraud, since fair dealing is not to be expected under such circumstances, but will set aside the sale on the prayer of the debtor." The power of sale was not executed in good faith for the best interests of all the parties concerned. Polliham v. Revely, 181 Mo. 634; Axman v. Smith, 156 Mo. 286. (3) The petition pleads the previous tenders and their wrongful and oppressive refusal; offers to bring into court and pay defendant any sum that may be found due him; prays an accounting and that plaintiff be permitted to redeem; that the sale and conveyance under said deed of trust be set aside, etc. When the court took the account and ascertained the sum due defendant, plaintiff brought that sum into court in cash and tendered it to defendant in open court, which

tender and its refusal are recited in the decree of the court. The petition states a good cause of action. In such case, where an accounting of rents, taxes, interest, etc., is sought, a tender before suit is not necessary, nor need the plaintiff bring any money into court until the amount due is ascertained. Kline v. Vogel, 90 Mo. 250; Jopling v. Walton, 138 Mo. 490; Lipscomb v. Ins. Co., 138 Mo. 17. It is suggested by appellant that the tenders were not good. Plaintiff had the money in his hand and offered to pay the interest and in fact paid the costs. Baker and Schaffer each refused actual tenders. "A tender is good without actual production of the money, where the party to whom it is due refuses to accept." Stephenson v. Kilpatrick, 166 Mo. 262. In, Yeaman v. Lepp, 167 Mo. 61, Kline v. Vogel, supra, was approved. Railroad v. Clark, 119 Mo. 372. (4) Appellant insists plaintiff is barred by his laches; that he consented to defendant's taking possession, and waited more than three years before bringing suit. Plaintiff testified: "I told him to stay out. I went there to haul off some posts, he came down and tried to stop me. I knocked him down and got the posts and went away peacefully." Was this acquiescence? Evans v. Railroad, 64 Mo. 456; 18 Am. & Eng. Ency. Law (2 Ed.), 105. Plaintiff had the full statutory period in which to bring his action. Kline v. Vogel, 90 Mo. 250.

GRAVES, J.—Plaintiff was the owner of a tract of land in Schuyler county upon which he had given two deeds of trust, the first to secure a note of $1,800, and the second to secure a note of $700. These notes were given to different parties but were both purchased and owned by the defendant. One C. Figge was the trustee in the deed of trust securing the $700 note. Said Figge at the request of defendant sold the land under such deed of trust and defendant became the purchaser at the price of $800, although plaintiff's

equity is shown to have been far in excess of that sum. The sale was made prior to the maturity of the note, but for an alleged default in the interest due thereon. The action is one to redeem, in which an accounting is asked, accompanied by an offer to pay and bring into court such sum as the court might find to be due. The material portion of the petition reads:

"The defendant became the owner and holder of said note and caused and procured said C. Figge, trustee as aforesaid in said deed of trust, to advertise said land for sale under said deed of trust on March 24, 1902, at the south door of the court house in the city of Lancaster, Missouri, for an alleged default in the payment of said note; that said note was not then due and only one instalment of interest was then due and unpaid and plaintiff tendered to C. Figge, trustee, and to defendant all the interest then due and payable on said note and all costs incurred in so advertising said land for sale, and by the direction of defendant plaintiff paid the costs of so advertising said lands for sale under said deed of trust, and demanded that defendant and said trustee discontinue said sale, but the defendant and said trustee wrongfully and oppressively refused to accept said tender and offer of payment of interest and costs so accrued and wrongfully, oppressively and without any authority so to do, proceeded to and did on said March 24, 1902, against plaintiff's protest, offer said lands for sale under said deed of trust, and sold same to defendant for the pretended consideration of $800, and thereupon said C. Figge, as trustee aforesaid, executed to defendant a trustee's deed under said deed of trust and sale, conveying said lands to defendant, and same was filed for record and recorded in the deed records of this county:

"Plaintiff says that the provision in said note for the payment of eight per cent semi-annual interest was and is usurious and violative of the law regulating the

rate of interest in this State and forbidding the compounding of interest more than once a year, as provided by section 3711 of the Revised Statutes of Missouri; that said lands were sold in a lump and not in their smallest legal subdivisions, and for one-seventh of their value, a grossly inadequate consideration.''

The answer was a general denial and a plea of laches. By the judgment plaintiff was permitted to redeem upon the payment of $2891.44, within thirty days, which sum plaintiff brought into court forthwith, but defendant refused the same and thereupon the trustee's deed was set aside and by the decree for naught held. Defendant thereupon appealed, after unsuccessful motion for new trial.

I. The evidence upon the question of tender of the interest due upon the note of $700 is conflicting. The sale was under the deed of trust securing the note of $700. Of this there is no question. Nor is it claimed that reference is made in this deed of trust to the one securing the $1800. Both notes were at the time held by defendant, and the interest on both was due, but the principal on neither was due, unless made due by default of interest. The evidence of plaintiff and his corroborating witnesses is to the effect that plaintiff tendered the interest on the $700 note before the advertisement under the mortgage or deed of trust. The evidence for plaintiff further shows that after the advertisement was published for one week, by directions of counsel for the defendant he paid the accrued costs of the publication, but was afterwards informed that the client had repudiated the action of counsel. This evidence of the plaintiff and his witnesses is controverted by defendant's, and it became a matter for the chancellor to decide. Suffice it to say that we have examined this evidence, and agree with the conclusion

of the court, *nisi*, to the effect that a tender was made. When we say a tender was made, we mean in the broad sense of a legal tender.  The evidence is sufficient to show and for the court to find that the plaintiff was ready and willing and offered to pay the interest and all costs under the second mortgage.  This is the only one under which sale was made.  The finding of the court upon this one question is abundantly sustained by the evidence, and without yielding the right of this court to review the evidence, in equity cases, which review we have made, we concur in this finding of the trial court.

II.   It is contended, among other things, that the petition fails to state facts sufficient to constitute a cause of action. On this point we are cited to the case of Jopling v. Walton, 138 Mo. 485, wherein the writer hereof was of counsel for the defendant, and successfully interposed a demurrer to plaintiff's bill.   But the point upon which the demurrer is sustained by this court in that case, is not the proposition involved here.   In the case at bar we have pleaded a tender of the interest due upon the note prior to steps taken for a sale.   We have a refusal of this tender and a subsequent sale.   In such case the law does not require the tender to be kept good by deposit in court; but when it appears that such tender has been made and thereafter a sale, a bill to redeem will be sufficient if it aver such facts and in addition contain an offer to do equity by the payment into court of such an amount as the court may find should be paid upon a decree for redemption.

Upon this point this court, in Jopling v. Walton, supra, following Kline v. Vogel, 90 Mo. 239, said: "Plaintiffs allege in their petition a willingness to pay whatever may be found due to the defendant on the note secured by the mortgage held by him, and thus

comply with that just rule which requires that, 'He who seeks equity, must do equity.' In such circumstances the court rendering the decree, if in favor of redemption, will make it conditional upon the payment of the amount due upon the mortgage debt, and thus do that which is equitable and just, and that is all the law requires. It follows that this ground of demurrer was not well taken." This conclusion was reached where there was a contention raised by the demurrer to the effect: "One of the principal grounds of objection to the petition is, that it does not allege a tender to defendant before the commencement of the suit of the amount of the debt and interest due upon the mortgage held by defendant, and under which the land was sold to him."

But in the case at bar the court found, and the evidence authorized such finding, that there was a tender of the interest due upon the $700 note. So far as the right to foreclose after the tender, the case would stand as if there had been an actual payment of the interest. What one tenders or offers to do, must for the purpose of a case of this character be considered as done.

In State ex rel. v. Ross, 136 Mo. l. c. 273, we said: "In Philips v. Bailey, 82 Mo. 639, this court unanimously held that tender before sale of the interest due without the principal is sufficient to prevent a sale by a trustee under a deed of trust, although the deed provided that in case of failure to pay the interest as it becomes due, the entire debt, principal and interest, should mature and the property be sold to pay the same. That to permit a sacrifice of the owner's rights after such a tender would savor of oppression. And the same conclusion was reached in Whelan v. Reilly, 61 Mo. 565."

This foreclosure was under the second deed of trust and none other. As to the conditions of the prior

deed of trust we have nothing to do, for the reason that no action was taken thereunder. That there may be no misunderstanding and to state it in plain terms, we hold that where a sale is made under a deed of trust on the ground that there has been default in the interest, and it appears or is found that there has been a tender of the interest and costs prior to sale, then the debtor is entitled to redeem upon making proof of such facts. In other words, unless precluded by specific terms of the contract the debtor may stop the sale under a deed of trust at any time prior to sale by the payment of the accrued interest and costs, or if payment is refused, and tender is made, the same end is reached. Such a tender, where the party entitled to payment says he will not receive payment, does not mean that the party making the tender must actually count out the legal tender for such payment, but it is sufficient if he offer to make the payment. The law does not require him to do an unnecessary act, and if he has been informed in advance that the money will not be received, it is not necessary to make a good tender, that the actual cash shall be exhibited or counted out. [Stephenson v. Kilpatrick, 166 Mo. 262.]

In such case the demand of the law is met by an offer to pay where accompanied by an apparent ability to pay, as distinguished from a demonstrated ability to pay by an actual counting out of the cash. So that in such case if it appears that the party offered to pay, and at the time had cash in hand with which to pay, then the tender is as efficient as if the exact amount had been counted out to the payee. On the other hand if there is no refusal to receive payment, then the strict rule of tender should be followed. In this case the pleadings and the evidence sufficiently showed a tender, and were not subject to the objection herein urged.

III.  Nor is it required in a case of this kind to plead or show anything further than the offer to pay. The law gives to the debtor the right to pay interest and accrued costs, prior to sale, and thereby stop the sale.  The same law which gives him this right, precludes the creditor from refusing a tender and proceeding with the sale.  To hold otherwise would be to destroy the rule.  The rule is founded in equity, because if prior to sale the debtor pay the interest and all accrued costs, the creditor has been in nowise hurt. We are not saying that these rights to the debtor may not be released by the peculiar wording of a contract, but such is not the case under consideration, and a judgment thereon would be beside the record.  A tender properly made in a case such as we have here, is sufficient to authorize a setting aside of the deed made by the trustee and the granting of the privilege to redeem.  Nothing more was done in this case.

IV.  The next point urged is that there was no compliance with the statute providing for the redemption of property bought in by the *cestui que trust*.  It is true that no bond was given or other steps taken as provided by this statute.  The only question is whether or not this statutory remedy is exclusive.  We think not.  Such remedy is merely cumulative and is not exclusive.  It was not intended by this statute to divest courts of equity of the power to grant relief in a proper case, whether such statute has been followed or not. In fact, the statute itself, sections 4343, et seq., does not purport to cover cases of purely equitable cognizance. The statute would seem to authorize a redemption in a case where the *cestui que trust* buys in the property, without a showing of any special equities.  This was not meant to preclude a person having special and peculiar equities from urging his rights in a proper court, although the purchaser chanced to be the *cestui*

*que trust.* That the statute is merely cumulative in such case is recognized in Vanmeter v. Darrah, 115 Mo. l. c. 158, wherein was said: "Doubtless a court of equity would grant relief outside of the statute against any fraudulent advantage that may have been taken against a party while laboring under such disability, but no such case was made by the pleadings or evidence."

Here we have a case where there was a legal tender of interest and accrued costs. A sale thereafter was void. The statute is not the exclusive method of reaching such case. In such case there is such oppression as will bespeak the interference of a court of conscience.

V. There is some question as to the matter of laches in this case. Plaintiff's action, although brought within the statutory period, was not brought at once. There is evidence that the possession taken by the defendant was in open opposition to the wishes of the plaintiff. The court, *nisi,* had the witnesses before it. In such case the doctrine has been properly announced in 18 Am. & Eng. Ency. Law (2 Ed.), 105, wherein it is said: "So the doctrine of laches does not apply where the defendant has acted in open and known hostility to the complainant's rights and has been misled by no apparent acquiescence on the complainant's part. In such case no consideration of good faith requires that the plaintiff should open the legal warfare at the very earliest opportunity. When a hostile attitude is thus taken, the challenged party may justly be expected, and reasonably be allowed, to be wary and deliberate in choosing his time and opportunity for attack. The law does not demand the utmost exertion of diligence in repelling a hostile invasion of one's rights deliberately undertaken with full knowledge of all the facts."

The evidence in this case was to the effect that,

after the sale, the plaintiff told defendant to stay out. That after the sale the following occurred: "I went there to haul off some posts; he come down and tried to stop me. I knocked him down and got the posts and went away peacefully." Such evidence does not tend to show *laches,* or consent to possession. Such evidence shows a positive adverse claim, and with this evidence the court was authorized in so finding. We conclude that the court was authorized in finding that there was no *laches.*

VI. The only serious question urged is as to the action of the court in determining the amount which should be paid upon an order permitting plaintiff to redeem. Plaintiff had pleaded all the facts. The evidence as to what the parties did after this sale was before the court. The rents and profits was a subject-matter of evidence, as was the debt and the accrued and accruing interest upon both deeds of trust. Defendant was owner of both and they were properly considered in this action to redeem from a sale under the junior deed of trust; also taxes which had been paid. Upon the facts disclosed by the evidence upon these points the trial court could and did exercise its reasonable judicial discretion. After hearing all the evidence the court fixed the amount due and as to this finding we should not interfere unless warranted by the evidence. We are not prepared to say that the finding is not supported by the evidence in the case, and under such circumstances the judgment of the chancellor, *nisi,* should not be disturbed. It must be borne in mind that the defendant received the rents and accrued profits, upon which the evidence is somewhat varied. If interest is allowed for the full time, the rents and profits should be deducted. There was also evidence upon the question of improvements as well as taxes paid.

Other questions, to our mind foreign to the subject, are urged, but these are the material ones.

With the views we have the judgment should be and is affirmed. All concur.