ISABELLA ALLEN, ADMX. OF W. J. C. ALLEN, DECEASED, APPELLANT, v. LLOYD E. BEST ET AL., RESPONDENTS.—58 S. W. (2d) 810.

Kansas City Court of Appeals. March 6, 1933.

852

*Henry S. Julian* for appellant.

*Winger, Reeder, Barker, Gumbiner & Hazard* and *George J. Winger* for respondent.

CAMPBELL, C.—This action was brought by W. J. C. Allen and his mother, Isabella Allen. After the evidence was heard and before judgment, the cause was dismissed as to the plaintiff Isabella Allen, and we will therefore speak of W. J. C. Allen as plaintiff.

The claim of Isabella Allen asserted in the petition as well as the evidence to support it, was utterly unrelated to the claim stated by plaintiff. On this subject plaintiff's counsel says that "it will be seen that two causes of action are embodied in the petition; one by Isabella Allen," the other by the plaintiff W. J. C. Allen. There-fore, we will not detail the evidence relating to the claim of Isabella Allen for the reason that such claim passed out of the case when it was dismissed as to her. However, the facts relating to her claim are carefully and correctly set forth in the opinion in this case re-ported in 220 Mo. App. 1041.

The Allen Stamp Seal and Manufacturing Company became a body corporate under the law of Missouri relating to manufacturing and business companies in 1912 or 1913, the exact date was not shown. Its incorporators and its first board of directors were Edwin Allen, Richard Henry and Isabella Allen. The first named was its presi-dent and the last named its secretary. The articles of agreement re-cite that its capital stock, consisting of 1260 shares of the par value of $10 each, was fully paid up in personal property, then in the custody and possession of its board of directors; that its capital stock was owned as follows: Edwin Allen ten shares; Richard Henry ten shares; Isabella Allen 600 shares, and George Hanlon, Shawnee-town, Illinois, 640 shares.

Plaintiff contends that some years before the company was or-ganized his grandmother gave to his mother $3000 in trust for him; that his mother used the fund, and that upon the formation of the company she, for the purpose of performing the trust, caused the 640 shares of stock in the company to be given to and issued in the name of George Hanlon as trustee for plaintiff; that on August 25, 1913, stock certificate No. 50 for 640 shares of the capital stock of the company was issued to George Hanlon, who thereafter held it as trustee for the plaintiff until the assignment thereof to him by Hanlon; that in May, 1914, Isabella Allen assigned all of the stock in the company and delivered all of its physical property to the defendants Carl E. Best and Lloyd E. Best under a contract,

the terms of which will presently be stated; that his mother had no authority to sell or assign the stock of Hanlon; that the Bests obtained no right therein by virtue of the assignment and should, therefore, account to him therefor.

The evidence clearly shows that plaintiff's mother did not have authority to sell or assign the Hanlon stock. The assignment did not, *at the time it was made,* invest the Bests with right in the stock. In determining the question as to whether or not Hanlon was a trustee, the fact that he did not furnish any of the capital stock of the company was most significant. Moreover, there is no foundation for a belief that the incorporators intended to make an outright gift of the stock to Hanlon. Neither can it be said that Hanlon at any time claimed right or interest in the stock other than as trustee. The articles of agreement said that Hanlon was the owner of 640 shares of stock in the company, and therefore, neither the company, its incorporators, nor any one claiming under either of them will be permitted to say that he did not own the stock. But it is not controverted that it was competent for plaintiff to prove that he was the equitable owner of the stock and that Hanlon was his trustee. Considering all of the facts and circumstances, we hold that, at the time certificate No. 50 was issued, Hanlon's interest therein was merely that of trustee for plaintiff. At a time not clearly shown. Hanlon assigned the certificate of stock to plaintiff. This assignment, however, did not increase plaintiff's right in the stock. As stated, plaintiff was the equitable owner of the stock at the time it was issued and, therefore, had power to sell or dispose of his title thereto and also, could, by a course of conduct estop himself from claiming to be the owner thereof. Applying the rule stated to the facts of record we find there are two reasons, either of which necessarily precludes plaintiff from recovering in this action.

First: On May 26, 1914, the company as first party, and C. E. Best and Lloyd E. Best as second parties, entered into an agreement in writing, executed on behalf of the company by its president and secretary and attested by its corporate seal, by the terms of which the company assigned and sold to the second parties its physical property for the sum of $3000, $100 of which was paid at the time, the remainder evidenced by interest bearing notes. The contract further provides that the shares of stock in the company were cancelled, reissued and transferred to plaintiff's mother as collateral security for the notes. Plaintiff's pleaded case in legal effect was that the transfer of the property to the Bests was a pledge to secure the payment of a loan in the sum of $3000, and he prayed the court to decree that the "pretended" sale of the property "was a pledge and mortgage of the same to secure the aforesaid sum" of $3000. The amount of the alleged loan was

854

not paid into court or tendered in the bill. Neither did plaintiff allege that he was willing or able to pay the debt, absent which there was no equity in the bill. [Gerhardt v. Tucker, 85 S. W. 552, 187 Mo. 46, 58; Potter v. Shaffer, 108 S. W. 60, 209 Mo. 586.]

Second: In September, 1914, the company, Carl E. Best, Lloyd E. Best and Flora M. Best as plaintiffs, brought suit in the Circuit Court of Jackson County against plaintiff's mother as defendant. The bill alleged that in May, 1914, plaintiff's mother, the secretary of the corporation, owned and controlled all of its stock; that plaintiffs Carl E. Best and Lloyd E. Best on that day purchased the stock of the company and that certificates were issued to them therefor; that they also purchased the property of the company, paid $100 in cash, $400 in June, 1914, and that they assigned the stock to plaintiff's mother to secure the unpaid purchase price evidenced by the notes. The petition prayed for an injunction restraining plaintiff's mother from selling the notes or the shares of stock which she held as collateral security. The cause was tried and decree rendered therein to the effect that the contract of May, 1914, was valid and enforcible; and directed that plaintiffs pay the amount of the notes to the clerk of the court who held them and upon such payment the shares of stock, also in the hands of the clerk of the court, be delivered to the plaintiffs. Plaintiff's mother, his witness in this action, testified in effect that the amount of the notes was paid into court and that she and plaintiff received a substantial part thereof. After the rendition of the decree in the injunction suit plaintiff herein appeared and filed motion therein asking to be made a party to the action, stating that he was the owner of 640 shares of the stock of the corporation; that prior to the formation of the company "he invested in said corporation the sum of $2400, and that at the date of said corporation there was issued to one George Hanlon, 640 shares of stock of a par value of $50, each to be held in trust by said George Hanlon" for him. The motion was denied and there the matter ended so far as that case was concerned. The motion filed by plaintiff reveals that he had actual knowledge of the object and purpose of the suit and of the terms of the decree. Having that knowledge plaintiff accepted a part of the money which plaintiffs in that action paid into court in compliance with the terms of the decree and which they paid upon the theory that they were the owners of the physical property and of the stock in the company by virtue of the provisions of the contract of May 26, 1914. Upon the plainest principal of equity plaintiff could not accept money paid or tendered as the purchase price of the property or stock of the company and then say there was no sale. [Sage v. Finney, 135 S. W. 996, 156 Mo. App. 30; Kusnetzky v. Security Insurance Co., 281 S. W. 47, 313 Mo. 143.]

The chancellor, upon considering the cause, found the issues for the defendants, dismissed plaintiff's bill, and we approve. The judgment is affirmed. *Boyer, C.*, concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.