James L. FITZPATRICK and Lena M. Fitzpatrick, Appellants,

v.

William FEDERER, Federer Realty Company, a Corporation, Peter Bouckaert, Elmer A. Sander, and Lester A. Liebmann, Respondents.

No. 46585.

Supreme Court of Missouri,

Division No. 1.

Sept. 8, 1958.

828

J. L. London, St. Louis, Louis L. Hicks, Clayton, for appellants.

James H. Zipf, St. Louis, for respondents William Federer, Federer Realty Co., Peter Bouckaert and Lester A. Liebmann.

Kappel & Neill, St. Louis, for respondent Elmer A. Sander.

COIL, Commissioner.

█ Respondents' separate motions to dismiss plaintiffs' petition were sustained on the ground that it failed to state a claim on which relief could be granted. Plaintiffs appealed from the ensuing judgment. Thus, the sole question here is whether the petition states facts which may invoke the application of principles of substantive law which would entitle plaintiffs to the relief sought. Gerber v. Schutte Investment Co., 354 Mo. 1246, 194 S.W.2d 25, 28 [4–7]. The motions to dismiss admit the truth of facts well pleaded in the petition and the reasonable inferences deducible therefrom, and the petition should be construed favorably to plaintiffs, giving them the benefit of every fair intendment from the facts alleged. Jacobs v. Jacobs, Mo., 272 S.W.2d 185, 188 [2, 3].

Plaintiffs, husband and wife, averred that they had executed a second deed of trust in which defendant Lester A. Liebmann was trustee and defendant Peter Bouckaert was beneficiary, dated February 15, 1956, on real estate owned by them in St. Louis County, securing promissory notes; that they defaulted in the payment of certain of those notes and that the trustee duly advertised the sale under the deed of trust for April 5, 1957, and on that date sold the property; that at the sale defendant Bouck-aert bid $25,000 and defendant Sander bid $25,050 as the second and only other bid; and that the property was therefore sold to defendant Sander, and the trustee executed and delivered to him a trustee's deed; that although defendant Bouckaert was and is the apparent holder of the secured notes, defendants Federer and Federer Realty Company were and are the real owners of said notes and that Sander, in bidding at the sale, acted for Federer or Federer Realty Company or for defendant Bouckaert; that on April 5, 1957, prior to the sale, plaintiffs gave written notice to the trustee of their intention to redeem as provided by common law and by Section 443.010 RSMo 1949, V.A.M.S.

Plaintiffs alleged further that, prior to the foreclosure sale, defendant Federer, individually and as the agent for defendant Federer Realty Company, a corporation, and defendants Sander and Bouckaert, fraudulently conspired and agreed not to bid against each other and not to compete with each other at said sale and to share and divide the profit which they intended to make by purchasing the real estate at a low price and reselling it at a higher price, and that said defendants further fraudulently conspired and agreed that defendant Bouckaert would refrain from making the highest bid so that defendant Sander could bid in the property for the purpose of cutting off plaintiffs' right of redemption; that prior to the foreclosure sale, defendants Federer and Federer Realty Company purported to act as plaintiffs' agents to obtain a buyer for the property but in truth and in fact made no effort to obtain a buyer but discouraged potential buyers, in furtherance of the above-mentioned fraudulent scheme and conspiracy. Plaintiffs also alleged that defendants had not been in possession and had not changed their position or status in such a way that redemption by plaintiffs would injure them; that plaintiffs had no adequate remedy at law; and that plaintiffs had been damaged in the amount of $5,000 actual and were entitled to $10,000 as punitive damages.

The prayer of the petition asked that the court set aside the sale, cancel the trustee's deed, and declare plaintiffs had a right to redeem the property upon giving "such bond in such amount and within such time as the court shall require," and that plaintiffs have monetary judgments in the amounts mentioned against all defendants other than defendant Liebmann, the trustee.

■ We hold that plaintiffs have stated a claim upon which relief can be granted. It is well settled that any arrangement or combination designed to prevent free and fair competition among bidders at a mortgage foreclosure sale for the purpose of chilling the sale and purchasing the property for less than its market value results in a voidable sale at the option of the mortgagor. 59 C.J.S. Mortgages § 735, p. 1338; 7 C.J.S. Auctions and Auctioneers § 7(7), p. 1255; Jones on Mortgages, 8th Ed., Vol. 3, § 2458, p. 1007; Vannoy v. Duvall Trust Co., Mo., 29 S.W.2d 692, 695, 696; Hendricks v. Calloway, 211 Mo. 536, 111 S.W. 60, 68; Stewart v. Nelson, 25 Mo. 309, 312; Wooton v. Hinkle, 20 Mo. 290, 292.

■ Plaintiffs have alleged sufficient facts to constitute an actionable claim under the aforestated principle. They alleged that defendants, other than the trustee Liebmann, fraudulently conspired and agreed not to bid against each other and not to compete with each other, but to share and divide the profit to be made by purchasing the real estate at a low price and reselling at a higher price and to have one other than the ostensible holder of the notes bid so that plaintiffs could not exercise their statutory right of redemption under Sections 443.410–443.440 RSMo 1949, V.A.M.S., and that, as a part of said fraudulent scheme and conspiracy and as an overt act in the accomplishment thereof, defendants Federer and Federer Realty Company, while purporting to act to obtain for plaintiffs a buyer for their property, in fact discouraged potential purchasers thereof. While the petition does not contain a specific allegation that the purpose of the scheme was to purchase the property for less than its market value, such is the fair intendment of the language used, viz., to purchase at a low price. Whether plaintiffs may adduce the convincing evidence necessary to sustain the averments of their petition is a matter not presently before us.

While what we have said heretofore is sufficient to dispose of the issue on this appeal, we shall, nevertheless, notice the reasons assigned by the various respondents in support of the judgment of dismissal.

■ Respondents contend that plaintiffs were afforded adequate relief under the redemption statutes heretofore referred to (§§ 443.410–443.440, supra), inasmuch as plaintiffs alleged in the petition that Sander purchased for defendants Federer, Federer Realty Company, and Bouckaert, one of whom was the cestui que trust. The plain answer to that contention is that the redemption provided for in the mentioned statutes, where the property is bought in by the cestui que trust or for him, does not constitute the exclusive remedy of a mortgagor. In addition to that statutory remedy, courts of equity will grant relief in proper cases by enforcing the right to redeem, independent of and outside the statutes. Potter v. Schaffer, 209 Mo. 586, 108 S.W. 60, 62 [4]; Arnett v. Williams, 226 Mo. 109, 125 S.W. 1154, 1157; Alfred v. Pleasant, Mo., 175 S.W. 891, 892 [3]; Oakey v. Bond, Mo., 286 S.W. 27, 28 [3].

■ Respondents also point out that prerequisite to the right to relief plaintiffs must have offered in their petition to redeem the property or to put the purchaser in status quo, i. e., plaintiffs must have sought to do equity before being entitled to equitable relief. McNatt v. Maxwell Investment Co., 330 Mo. 675, 50 S.W.2d 1040, 1044 [6–8]. A liberal and fair construction of the prayer of plaintiffs' petition results in the conclusion that plaintiffs have sufficiently offered to do equity and to in effect redeem their property and to place the purchaser in status quo by asking "that the

court declare that plaintiffs have the right to redeem said property *upon the giving of such bond in such amount and within such time as the court shall require; * * *.* (Italics ours.) And the "trial court has some discretion in fixing the terms upon which it will decree redemption. Hannah v. Davis, 112 Mo. 599, 20 S.W. 686." Brewster v. Terry, 352 Mo. 967, 180 S.W.2d 600, 602 [1, 2].

■ Respondents contend that plaintiffs have an adequate remedy at law. They point only to that portion of the petition wherein plaintiffs alleged that Federer and Federer Realty Company, a corporation, while purporting to act as plaintiffs' agents in obtaining a buyer, made no effort to find a buyer but discouraged potential purchasers. Respondents say that plaintiffs would have an action for money damages for breach of contract under such allegations and respondent Sander points out that he is not charged with any wrong under those averments. As we construe the petition, however, plaintiffs included the aforementioned allegations as constituting overt acts committed by coconspirators Federer and Federer Realty Company in furtherance of the fraudulent scheme and conspiracy theretofore set forth, to which all defendants other than the trustee were allegedly parties. Respondents' contention that plaintiffs have an adequate remedy at law by reason of those allegations is not well taken.

■ Finally, respondent Liebmann seeks to sustain the trial court's judgment of dismissal as to him on the additional ground that no cause of action is stated or relief sought against him and that "he is therefore not a proper party defendant." Defendant Liebmann, according to plaintiffs' petition, was the trustee who advertised and sold the property and who executed and delivered the trustee's deed. It is that sale and that deed which are sought to be invalidated as prerequisite to plaintiffs' equitable right to redeem the property. It is true that no specific relief is sought against

trustee Liebmann and no wrongdoing is charged to him. Liebmann, nevertheless, as trustee, was a proper party defendant, even though not a necessary or indispensable party. Casper v. Lee, 362 Mo. 927, 245 S.W.2d 132, 138 [9, 10]. The trustee being a proper party defendant, was, in the discretion of plaintiffs, properly joined and thus, even though, as noted, he was not a necessary or indispensable party, still, under the instant circumstances, we should not wish to hold that defendant Liebmann is now entitled to a judgment of dismissal.

The judgment of the trial court is reversed and the case is remanded.

VAN OSDOL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.