Sloat v. Bean.

SLOAT v. BEAN ET AL.

1. **Mortgage**: DEFAULT IN PAYMENT: CONTRACT. Where a mortgage provided that in default of payment of installments as they matured the whole amount should become due, the acceptance of payment of one installment after it was due by the agent of the mortgagee, without authority from his principal, would not have the effect to restore the contract, or entitle the mortgagor to claim the benefit of the conditions of the mortgage.

*Appeal from Marshall Circuit Court.*

FRIDAY, OCTOBER 19.

ACTION to foreclose a mortgage. The court below only gave the plaintiff a part of the relief asked for in the petition, and he appeals. The facts are stated in the opinion.

*J. C. Wyllis*, for appellant.

*Henderson & Merriman*, for appellees.

SEEVERS, J.—The defendant gave the plaintiff five promissory notes. The following is a copy of one of them:

"MARSHALLTOWN, Iowa, Nov. 10, 1875.

"January 3, 1877, after date I promise to pay Elias Sloat, or order, at First National Bank, Marshalltown, Iowa, three hundred dollars, with interest at ten per cent per annum, payable annually, ten per cent on interest due, and if action is commenced hereon attorney's fee for collection."

The other four notes were in every respect like the foregoing, except that they become due at the same time in 1878, 1879, 1880 and 1881.

A mortgage was given to secure the payment of said notes, which among other things provided: "And it is further agreed if default shall be made in the payment of said sums of money, or any part thereof, principal or interest,    *    *    *    * then the whole indebtedness shall become due."

The notes were sent to a bank in Marshalltown for collection, and on the 16th day of January, 1877, the defendant paid the amount due on the first note, and, as he claims, all the interest on the other notes which the agent of the plaintiff would receive. There is no pretense that said agent had any power or authority to waive any conditions contained in the mortgage. The money so paid by the defendant was forwarded to, and received by, the plaintiff on the 17th or 18th day of January, 1877. The plaintiff refused to accept the money except as part payment of the amount due. He claims that the defendant agreed that it should be so regarded.

The defendant denies this, and the plaintiff kept the money. The mortgage plainly provides that if either principal or interest should not be paid when due the whole amount secured by such mortgage should at once become due. This is the contract, and we know of no reason why it should not be enforced.

1. MORTAGE: default in payment: contract.

Neither this court nor any other has the power to alter or change a legal and valid contract. It is not for us to say that this contract was not beneficial to the defendant, or even if we did so, this would not furnish a sufficient reason for refusing to enforce it.

Allowing three days grace, the first note fell due on the 6th day of January, 1877, and it was not paid on that day. The whole amount secured by the mortgage, by this failure, became due at that time. The plaintiff had the right, and did so insist. The payment of a part of the amount thus due, and its acceptance by the plaintiff under the circumstances herein stated, would not have the effect to reinstate the contract in full force and vigor as it existed before the breach. The contract was broken by the defendant, and there is no pretense that plaintiff, in terms, agreed to waive the breach. By receiving a part of the amount due on the contract after the breach he waived nothing. He, in fact, only received a part of what he was legally entitled to. When the contract was broken, it was for the parties to make another. There can be no pretense this was done. If authorities be necessary, what we have said is supported by *Iowa R. R. L. Co. v. Mickel*, 40 Iowa, 402, and *Malcomb v. Allen*, 49 N. Y., 448.

REVERSED.