ISAIAH SMALLEY, Appellee, v. J. RENKEN, Appellant.

1. **Mortgages:** RIGHT OF FORECLOSURE: DEFAULT IN INTEREST. Where, four days after an installment of interest became due upon a mortgage, the mortgagor delivered to the mortgagee a check for the amount due less eleven cents, but the check recited that it was "in full of interest due," on said mortgage, and the same was accepted by the mortgagee, *held*, that the non-payment of said eleven cents did not entitle the mortgagee to declare the whole mortgage debt due, and to a forclosure of said mortgage, under a clause therein providing that upon default in the payment of interest, or any part thereof, the whole indebtedness should become due.

2. ———: ———: DEFAULT IN PAYMENT OF TAXES. Said mortgage further provided that if the taxes remained unpaid for thirty days' after the same became due and payable the whole indebtedness should become due. The taxes were not paid until more than thirty days after default, and not until after this action was commenced, but such default was not plead as a ground for the foreclosure of said mortgage when this action was commenced. *Held*, that a plea of such default by an amendment to the petition after said taxes had been paid did not entitle the mortgagee to a foreclosure.

*Appeal from Osceola District Court.*—HON. SCOTT M. LADD, Judge.

WEDNESDAY, MAY 25, 1892.

ON the twenty-eighth of March, 1887, N. Smalley made to the plaintiff his note due in five years, secured by a mortgage on real estate. The interest on the note was payable annually, and became due, allowing days of grace, March 31 of each year. The mortgage contained the following provisions: "And it is further agreed, if default shall be made in the payment of said sums of money or any part thereof, principal or interest, or the taxes assessed on the above-described real estate shall remain unpaid for a space of thirty days after the same are due and payable, then the whole indebtedness shall become due," etc. The defendant, Renken, assumed the payment of the debt as a part of the purchase price of the land. This action was commenced June 7, 1889, based alone on the default in the payment of interest. On the sixth day of January, 1890, an amendment was filed to the petition, in which it is further urged that the debt matured by the terms of the stipulation, because of a failure to pay the taxes. The facts are stipulated in the following terms: "The parties hereto submit this suit upon the pleadings and upon the following agreed statement of facts: That the plaintiff has no grounds upon which to foreclose his said mortgage, except it be upon the ground that the taxes were not paid within thirty days from the time they became due and payable, and that the interest paid on said note April 4, 1889, was not paid at maturity thereat, viz., due March 28, 1889, and three days of grace added, making it legally due March 31, 1889, but same was received by the plaintiff April 4, 1889, and also the interest due March 28, 1890, was paid and received March 28, 1890; that the plaintiff did not

allege the nonpayment of taxes as a reason for foreclosing said mortgage until long after the same were paid, to-wit, at the time of filing his said amendment, January 6, 1890; that all taxes were paid by defendant, Renken, August 27, 1889; that the plaintiff gave no notice of his intention to declare the whole or any part of said debt due prior to the commencement of this suit." The district court gave judgment for the plaintiff and the defendant appeals.—*Reversed.*

W. D. *Boies*, for appellant.

O. J. *Clark*, for appellee.

GRANGER, J.—I. The claimed default in the payment of interest is reduced to this: The amount of
1. MORTGAGES: right of foreclosure: default in interest.
interest due March 31, 1889, was fifty-five dollars and twenty-six cents. It was paid and accepted on the fourth day of April, 1889, by a "check," as follows:

"ASHTON, IOWA, April 4, 1889.
*Bank of Ashton.*

"Pay to Isaiah Smalley or order fifty-five and twenty-six one-hundredths dollars, in full of interest due on his mortgage of six hundred and ninety dollars and seventy-eight cents, on the west half northwest quarter 21, 98, 42, due April 1, '89.

"[$55 26-100.]          J. RENKEN."

The interest on the deferred payment of interest for the short time is eleven cents, which, it seems, was not included in the check or otherwise paid. It is urged that this failure works a forfeiture of the contract as to time, and will justify this action, under the conditions expressed. We think not. The amount of the unpaid interest is nominal. The "check" specifies the amount thereof to be "in full of interest due on his mortgage * * * due April 1, 1889." There is some obscurity in the language of the check, observing

it literally, for the mortgage was not due April 1, 1889; but the meaning, in the light of the admitted facts, is unmistakable. It means a payment of the interest due April 1, 1889. The interest to March 31st was from that day a debt due, and designated as interest, as would be the case with an interest coupon. It is in a sense, a distinct claim, and its payment in full includes the interest accumulated thereon. If the check read, "In full of interest coupon due April 1, 1889," and the payment was made after the coupon was due, there could not well be a dispute but that the payment included all due on the coupon to date of payment. No more should there be in this case. The acceptance of the check, which was paid on presentation, indicates unmistakably a purpose to receive that amount in discharge of the interest claim. It should be said that the action was commenced under a belief that there had been a default in the payment of the entire interest for two years, because, by a mistake, it had not been indorsed on the note. When discovered, there was an amendment to show the facts.

It is also urged that the default in the payment of the fifty-five dollars and twenty-six cents till April 4th, although then paid and accepted, works a forfeiture as to time, and the action should be sustained. In the absence of a showing to the contrary, the law will infer that such a payment was with the understanding that it was intended in fulfillment of the obligations under the contract, and the acceptance is a waiver of any claims of forfeiture. When the action was commenced as to interest, the plaintiff had his entire dues, and a forfeiture would be at the expense of absolute justice. The courts will not so decree it. The case of *Sloat v. Bean*, 47 Iowa, 60, is very different. The payment was to an agent not authorized to waive conditions, and the plaintiff refused to accept the money in full payment.

II. The condition of the mortgage, that all taxes should be paid within thirty days from the time they became due and payable, is a ground upon which it is sought to declare the note due and sustain the action. The default in this respect was not made a basis for the action at its commencement, but was so made by an amendment filed January 6, 1890. The taxes were paid August 27, 1889. The appellee urges this point, because it is within the letter of the contract: Courts look at the intent of the parties in making the contract. The suit cannot be regarded as commenced as to this particular default until the filing of the amendment to the petition, January 6, 1890. At that time the taxes were paid. What did the parties stipulate that the taxes should be paid by defendant for? To protect the plaintiff from the loss or impairment of his security. At the filing of the amendment every right of the plaintiff in this respect was fully protected. The object of the condition of the mortgage was to enable the plaintiff to treat the debt as due, and save himself from loss because of the default. After the payment of the taxes, all such liability for loss was at an end. His situation was exactly as if there had been no default as far as the conditions for forfeiture were concerned. To justify a forfeiture under such circumstances would work an injustice that the court ought not to permit. We think the payment of the taxes, after a breach of the condition for their payment, and in a way that no prejudice could result because of the default, and before suit brought to declare the debt due because of the default in payment, is a bar to such a proceeding. As bearing upon the questions herein discussed, see *Watts v. Creighton, ante,* page 154.

We are united in the conclusion that the petition should be dismissed. REVERSED.