FLEMING v. FRANING *et al.*

No. 2130, Okla. T.    Opinion Filed November 23, 1908.

(98 Pac. 961.)

1.    MORTGAGES—Default in Payment of Taxes—Right to Fore-close.    Under a mortgage clause providing that the whole amount of the mortgage debt shall become due, at the option of the mortgagee, for default in the payment of taxes before the same become delinquent, a default and subsequent sale of the mort-gaged property does not entitle the mortgagee to foreclose, where all taxes, penalties, and interest lawfully assessed against the said property have been fully paid off and discharged by the mortgagors and notice thereof given to the mortgagee before suit.

2.    SAME—Foreclosure—Indefiniteness of Mortgage.    Where from the record it appears that the clause in the mortgage upon which the alleged defaults are based is too indefinite and uncertain to authorize a default thereon, so as to enable the mortgagee to declare the mortgage absolute and foreclose the same, the judg-ment of the trial court in refusing to foreclose the same will not be disturbed.

(Syllabus by the Court.)

*Error from District Court, Cleveland County; C. F. Irwin, Judge.*

Action by D. B. Fleming against John Franing and others. Judgment for defendants, and plaintiff brings error. Affirmed.

On September 3, 1904, D. B. Fleming, plaintiff in error, plaintiff below, sued John Franing, Rebecca Franing, and Ed. B. Johnson (a junior mortgagee), defendants in error, defendants below, in the district court of Cleveland county, to foreclose, in the first count, a certain mortgage on a certain house and lots in Norman, Okla., executed and delivered to him by John and Rebecca Franing on July 12, 1902, to secure to him a debt of $5,-000, evidenced by their promissory note of that date, payable five years thereafter, with interest; also to foreclose, in the second count, a second mortgage on said property, executed and delivered by said defendants on the same day to E. K. Himes, to secure to

him a debt of $250, evidenced by their promissory note of that date, payable at stated intervals thereafter, of which said mortgage plaintiff was the owner by proper transfer thereof from said Himes, both of which he alleged to be due by reason of the mortgagor's failure to perform certain covenants contained therein, thereby occasioning a default, because of which he had, by proper notice, declared the entire debt due, and prayed judgment of foreclosure. After much pleading plaintiff, on November 16, 1905, filed an "amended and supplemental petition," and again declared, as aforesaid and alleged, a breach of other and further special covenants contained therein, occasioning a default, because of which he had, by proper notice, declared the entire debt due, and prayed judgment therefor, and that said mortgages be foreclosed.

To this there was answer filed by said defendants, which, after admitting the execution of the instruments sued on, contained a general denial and a plea of estoppel, to which there was a reply, in effect, a general denial and a plea in confession and avoidance of the estoppel, and on June 1, 1906, the cause coming on for trial, both parties waived a jury, and tried the same to the court, who, after hearing the testimony, on October 16, 1906, found "the issues in favor of said defendants John Franing and Rebecca Franing, that there was no such breach of the conditions of the mortgages sued on herein as would under the terms of said mortgages, or either of them, justify in law a foreclosure of either of them in this action, and that this action was prematurely brought," and on October 24, 1906, overruled plaintiff's motion for a new trial filed on the 17th, to which he excepted, and dismissed his original and amended and supplemental petition, and gave judgment against him and for costs, from which said judgment he appealed to the Supreme Court of the territory of Oklahoma, and the same is now before us for review as successor of that court.

*C. L. Botsford,* for plaintiff in error.

*Shartel, Keaton & Wells,* for defendants in error.

TURNER, J. (after stating the facts as above). As there is no assignment of error relied on in plaintiff's brief, we will select one from his petition in error which will reach the merits of this controversy, and that is: "That the decision and judgment of the court is not sustained by sufficient evidence, and is contrary to law." It is insisted that as the first mortgage provides: "Fourth. Upon any breach of the first, second and third special covenants of this mortgage hereinbefore enumerated * * * the holder of this mortgage may declare the entire sum or sums secured hereby, due and payable by giving ten days' notice and shall be entitled to a foreclosure of this mortgage for the satisfaction thereof," and as said second special covenant therein provides: "Second. That the first parties will pay all taxes and assessments, whether general or special, lawfully levied or assessed on said premises, before the same become delinquent"—that there is sufficient in this record to disclose a breach of this covenant, giving plaintiff the right to foreclose, and that the court erred in failing to so hold. For a breach of this covenant the amended and supplemental petition states, in substance, that defendants failed to pay all taxes and assessments levied upon the mortgaged property before the same became delinquent for the years 1902 and 1903, and the same was sold for the taxes of 1902, that the taxes of 1903 were paid by the purchaser at the sale for the taxes of 1902, and that on August 22, 1904, while the land yet remained unredeemed, plaintiff gave due notice, as required in the fourth special covenant aforesaid, and thereby elected to and did declare a default and the entire sum secured by said mortgage due and payable. This is expressly admitted by defendants, but it is by them contended that, on the same day, and before this suit was brought, all taxes, penalties, and interest lawfully assessed against said premises had been by them paid off and discharged, and plaintiff duly notified thereof, and that consequently, at the time of the commencement of this action, a breach of this covenant did not exist, and no right to foreclose either of these mortgages had accrued.

As this statement of facts is expressly admitted by plaintiff in his reply, and the testimony so discloses, we will now determine what effect, if any, the payment of said taxes before suit had on plaintiff's right to declare a default because of their delinquency, and on his right to bring this suit. It is contended by defendant that the effect was that the default was redeemed and a bar to the suit. In this we concur. It has been repeatedly so held. 2 Jones on Mortgages, § 1185, lays down the general rule that:

"* * * If after a default in the payment of taxes the mortgagor pays the same without prejudice to the mortgagee, and before suit is brought to declare the debt due because of the default, such payment is a bar to the suit"—citing *Smalley v. Ranken,* 85 Iowa, 612, 52 N. W. 507.

In that case in the trial court suit had been brought to declare the debt due because of a default, and foreclosure had been decreed upon an agreed statement of facts to the effect that the debt had matured by the terms of the mortgage because of a failure to pay taxes, but that such had been made a basis of default, by amendment, after said taxes had been paid. The Supreme Court in reversing the case said:

"The condition of the mortgage that all taxes should be paid within 30 days from the time they became due and payable is a ground upon which it is sought to declare the note due and sustain the action. * * * The object of the condition of the mortgage was to enable the plaintiff to treat the debt as due, and save himself from loss because of the default. After the payment of the taxes all such liability for loss was at an end. His situation was exactly as if there had been no default as far as the conditions for forfeiture were concerned. To justify a forfeiture under such circumstances would work an injustice that the court ought not to permit. We think the payment of the taxes, after a breach of the condition for their payment, and in a way that no prejudice could result because of the default, and before suit brought to declare the debt due because of the default in payment, is a bar to such a proceeding."

*Ver Planck v. Godfrey et al.,* 42 App. Div. 16, 58 N. Y. Supp.

784, is also directly in point. There the court in the syllabus say:

"Under a mortgage clause providing that the whole amount shall become due, at the option of the mortgagee, for a default in the payment of taxes for 60 days, a default for that time does not entitle the mortgagee to forclose, where the taxes are thereafter paid by the mortgagor, and notice thereof given to the mortgagee before action is begun."

And in passing, after reciting the facts, said:

"Upon the foregoing facts we are at a loss to understand upon what equitable principle a judgment of foreclosure and sale could be decreed. At most there was but a technical default in the payment of the taxes, which were promptly paid by the mortgagor as soon as her attention was called to them. The plaintiff had not been injured by the default; neither had her security been impaired or diminished in the slightest degree. The payment of the taxes before the commencement of the action restored the parties to their original positions, and the complaint should therefore have been dismissed. The case of *Shaw v. Wellman,* 59 Hun, 447, 13 N. Y. Supp. 527, is directly in point. There Judge Daniels, delivering the opinion of the court, said: 'It further appears that these taxes were paid on the 21st of October, 1889, and that fact was alleged by a supplemental answer as a defense to this action. This payment, in its effect, fully restored all the rights intended to be protected by this part of the mortgage. It indemnified both the plaintiff and his assignee against all possible prejudice or loss arising from default. And, when this appears, it is the policy of equity to consider the default to have been redeemed by a payment.' *Noyes v. Anderson,* 124 N. Y. 175, 26 N. E. 316, 21 Am. St. Rep. 657, is also in point."

Under this view of the case that the payment of taxes before suit was a bar to this suit for the default stated, it is unnecessary to discuss whether, as is contended by defendants, plaintiff, by accepting $350 as one year's interest on this debt on August 15, 1904, with knowledge that the property had been sold for taxes, thereby treating the mortgage as a subsisting one, in effect waived the default. We think it sufficient to say that such were the facts, and that there is authority to support the contention

that they did constitute a waiver, but upon this we express no opinion. *Jacobs et al. v. Swift,* 8 Kan. App. 857, 56 Pac. 1127. It will thus be seen that, if a right of action accrued to plaintiff to foreclose the second mortgage by reason of said nonpayment of taxes, payment thereof before suit also operated as a bar to a suit for its foreclosure, and that the court did not err in so holding.

It is next contended that, as the mortgage provides, first, "that said first parties will procure separate policies of insurance against fire and tornadoes, each in the sum of $5,000.00, and maintain the same during the life of this mortgage for the benefit of the mortgagee or his assigns, and made payable to the mortgagee or assigns as his or their interest may appear, said policies to be approved by E. K. Himes," and as the record discloses a default in this special covenant on the part of the said mortgagors, which was duly declared by plaintiff, as prescribed by the fourth special covenant, the court erred in refusing to decree a foreclosure on that ground. But does the record so disclose in point of fact. We think not. There is no contention as to the tornado insurance mentioned in said first special covenant, but it is contended that defendants defaulted in the sum of $1,000 on the $5,000 fire insurance therein covenanted to be maintained. As the burden of proof was upon plaintiff to so show in the trial court, and, when there found against, as he was, to so show to this court, it would seem that the instincts of disputation would have prompted him to point out in his brief wherein the testimony sustained his contention, but such he does not do or attempt. Besides, it was his duty so to do under rule No. 25 of this court. We have gone carefully into the record, however, and from the vague and conflicting evidence on this point cannot say that the court erred in finding as it did, and that no default of this covenant existed in point of fact at the time this suit was brought, nor of the terms of the second mortgage set forth in the petition, which provided as follows: "But if the default is made in such payment, or any part thereof, or interest thereon when due, or the taxes, or if the in-

surance is not kept in force thereon, then this conveyance shall become absolute, and the whole shall become due and payable, and it shall be lawful for said party of the second part, his heirs, administrators or assigns, at any time thereafter, to sell the premises hereby granted, or any part thereof, in the manner prescribed by law"—for the reason that nowhere in this mortgage do the mortgagors obligate themselves to pay the taxes or keep in force the insurance on the mortgaged premises.

With reference to taxes and insurance there can be said concerning this mortgage as was said concerning the mortgage in *Noble v. Greer,* 48 Kan. 41, 28 Pac. 1004, containing an almost identical provision. In that case suit was filed to declare a default on the mortgage for failure of the mortgagor to pay taxes, and to foreclose the same, and which was filed as an exhibit to the petition. The trial court, upon objection, would not permit evidence of a default to be introduced on the trial, for the reason that the petition failed to state facts sufficient to show that the mortgagor had made default or covenanted in the mortgage to pay the taxes. On appeal the Supreme Court affirmed the judgment of the trial court, and in passing said:

"An examination of the mortgage attached to the petition in this case fails to disclose any provision under which the mortgagor promises or agrees to pay any taxes or to secure and keep any insurance on the premises. It is true that the default provision of the mortgage declared that, 'if default be made in such payments, or any part thereof, or the interest thereon, or the taxes, or if the insurance is not kept up thereon, the conveyance shall become due and payable,' and the mortgagee may sell. What taxes are referred to? Taxes on the land described in the mortgage? Probably. But there is nothing in the mortgage to show what taxes are meant What insurance is to be kept up? And on what property is it to be kept up? There is no agreement in the mortgage by which the mortgagor is to insure anything, and no provision pointing out what property is to be insured, nor what amount of insurance is to be kept thereon. The usual provisions found in mortgages, whereby the mortgagor stipulates to pay the taxes on the premises mortgaged, and keep them insured, are

omitted in this mortgage. The debt sued on in this case was not due when the action was begun, except upon the theory that default had been made in the payment of taxes by the mortgagor. We are not willing to hold a debt, otherwise not due, to have become due by reason of a provision in a mortgage relating to defaults, when the mortgage contains no provision for payment of taxes by the mortgagor, and the only provision in the mortgage relating to taxes is as indefinite and uncertain as the one involved in this case. * * * "

And so also in this case, the usual provisions found in mortgages obligating the mortgagors to pay the taxes on the premises and keep them insured being omitted from this mortgage, we for the same reason are not willing to hold the debt therein not otherwise due as accelerated and due, and order a foreclosure.

Neither is it necessary, in view of what we have held, to determine whether, as contended by defendants, and, in effect, held by the trial court, it was necessary for plaintiff to prove, before being entitled to a foreclosure of the first mortgage, a concurrent breach of the first three special covenants therein contained.

This has been rendered obviously unnecessary, inasmuch as it is apparent to us that no breach existed at the time suit in foreclosure was brought, and for that reason the judgment of the trial court is affirmed, and it is so ordered.

All the Justices concur.