[No. 17121.    Department Two.    June 26, 1922.]

WILLIAM WAGNER, *Respondent*, v. BESSIE BENJAMIN
et al., *Defendants*, HERMAN BROBERG
et al., *Appellants*.[1]

BILLS AND NOTES (76)—MATURITY—DEFAULT IN INTEREST—ELEC-
TION TO DECLARE DUE—PRESENTMENT—EXCUSE.   Under Rem. Comp.
Stat., § 3473, dispensing with presentment where, after reasonable
diligence, it could not be made, presentment of a note, not designat-
ing any place of payment, is excused where the makers had moved,
their whereabouts was not known and notices had been duly mailed
to them.

SAME (78-3)—NOTICE OF DISHONOR—DILIGENCE OF HOLDER.   A no-
tice of dishonor in failing to pay interest, given seventy days after
the due date, does not show an unreasonable delay, where during
that time diligent search was being prosecuted for the makers, in
view of Rem. Comp. Stat., § 3475, giving immediate right of re-
course in case of dishonor by nonpayment.

Appeal from a judgment of the superior court for
King county, Hill, J., entered May 28, 1921, upon find-
ings in favor of the plaintiff, in an action on a promis-
sory note, tried to the court.   Affirmed.

*Solon T. Williams*, for appellants.
*C. A. Schneider*, for respondent.

HOLCOMB, J.—Respondent sued defendants Benja-
min, as makers, the defendants Decker, as payees, and
the defendants Broberg, as endorsers, on a promissory
note for $336.80, dated at Seattle, Washington, Sep-
tember 23, 1919, due September 23, 1922, and contain-
ing a provision that should the interest, which was
payable semi-annually, not be paid when due, the
owner and holder of the note might, at his option, de-
clare the whole sum due and payable.   The semi-annual

[1]Reported in 207 Pac. 1045.

interest due March 23, 1920, was paid. The next installment, due September 23, 1920, was not paid. From a judgment against all of the defendants, only the defendants Broberg have appealed.

Appellants first make the point that, since they were not primarily charged by the note, not being either makers or payees, presentment for payment to the makers was necessary when the interest became due, or the endorsers would be discharged.

The note does not designate any particular place of payment, and was dated at Seattle, Washington. At the time of the execution of the note, and for a few months thereafter, the makers, the Benjamins, lived in Seattle and stayed at the residence of a daughter at 6749 Twenty-fifth avenue northwest. Prior to the maturity of the interest on March 23, 1920, respondent, as holder of the note, addressed the makers at the above address, notifying them that he was the holder of the note and requesting payment of the interest. This interest payment was made at the residence of respondent by an agent of the makers. The interest falling due September 23, 1920, not being paid on that date, although respondent was in Seattle, where it was payable, respondent called at the residence of the daughter within a day or so after the due date and could find no person there. A few days later he again called at that address, and again failed to find any person there. He was informed by the party from whom the Benjamins were buying the house for which the note had been given, that they resided in the country, but he could not state where. Having been unable to find the makers, on November 27, 1920, respondent mailed a written notice to the makers at the address of the daughter as above given, demanding payment of the interest by December 1, 1920. The

interest not being paid by that date, on December 2, 1920, respondent mailed a written notice to each of the endorsers, properly addressed and mailed. The notice informed each of the endorsers of the dishonor by nonpayment and of respondent's declaration of the whole sum being due, and demanded payment. On December 6, 1920, this action was commenced. The Benjamins had resided at Sedro-Woolley, in this state, from about February, 1920, to December 5, 1920, and respondent did not know, and could not find, their place of residence during that time, but did know that they did not reside in Seattle.

It is thus established that the change of residence of the makers occurred after appellants became endorsers and respondent the holder of the note.

Our uniform negotiable instruments act provides (§ 3473, Rem. Compiled Statutes), as follows:

"Presentment for payment is dispensed with—

"1. Where after the exercise of reasonable diligence presentment as required by this act cannot be made;"

The lower court expressly found, "that after due diligence the plaintiff could not make presentment of the note to the makers." Under our statute, and under the finding of fact above quoted, there is no doubt that presentment to the makers, under the facts shown, was excused.

It is a general rule that when a note is dated at a place and payable generally, without any particular place being designated as the place of payment, in order to charge the endorsers the note must be presented and payment asked at the place of business of the maker, if he has one at the place where the note is dated and payable, and if he has no place of business, then at his residence, and if he have neither place of business nor residence, then, if the holder of the note

is at the place where it is in general made payable, on the day of payment, with the note, ready to receive payment, it is sufficient to constitute a presentment and demand. *Meyer v. Hibsher,* 47 N. Y. 265; Daniel Negotiable Instruments, § 640.

The law requires no useless ceremony, and the fact of the absence of the party from the place of payment would dispense with the necessity of going where he could not be found.

The only remaining question is whether the notice of dishonor given by respondent and mailed to appellants on December 2, 1920, was sufficient to hold appellants as endorsers for the full amount of principal and interest of the note, which would not have matured until September 23, 1922, but for the default in the payment of interest by the makers.

No point is made that the notice itself was not sufficient. It is only contended that respondent had not the right, long after September 23, 1920, and on December 2, 1920, to mail a notice to appellants in another city declaring the whole sum of the note due, and only four days thereafter bring suit against appellants as endorsers for the whole sum.

During the time elapsing from September 23, 1920, to December 1, 1920, the evidence shows that respondent was exercising great diligence to ascertain the whereabouts of the makers of the note. Seventy days is not an unreasonable lapse of time in which to exercise the option to declare the whole note due and payable and charge the endorsers therewith, under such circumstances as shown in this case. The manner of giving notice complies with §§ 3494, 3495 and 3496, Remington's Compiled Statutes, and § 3475, Rem. Compiled Statutes, provides that, "Subject to the provisions of this act, when the instrument is dishonored by nonpayment, an immediate right of recourse to all

parties secondarily liable thereon accrues to the holder.''

The findings and judgment are correct.

Affirmed.

PARKER, C. J., MAIN, MACKINTOSH, and HOVEY, JJ., concur.