THE FAIRFIELD FINANCE AND MORTGAGE COMPANY, INCORPORATED, *vs.* MARY GRIFFIN ET AL.

Third Judicial District, Bridgeport, October Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 24th—decided December 18th, 1928.

*William K. Lawlor,* for the appellant (plaintiff).

*John A. Membrino,* with whom was *John F. Tobin* and, on the brief, *Charles W. Bauby,* for the appellees (defendants).

HINMAN, J.  The complaint alleged that on August 13th, 1925, the defendants purchased from the plaintiff a motortruck, 1923, for $4,215, and had paid $2,519.20, leaving a balance of $1,695.80.  The defendants pleaded, as a counterclaim, that the plaintiff falsely and fraudulently represented to them that the truck in question was manufactured in 1923, whereas it was a 1922 truck, and of a value much less than if it had been as represented.  The trial court found for the defendants on their counterclaim and allowed damages of $1,000, deducting this amount from the balance unpaid on the agreed purchase price, and rendered judgment for the plaintiff for the balance.

No corrections can be granted which would vitiate or affect the finding that at the time of sale the plaintiff represented to the defendants that the truck was manufactured in the year 1923, and gave the defendants a conditional bill of sale, wherein the plaintiff

stated that the truck was of the year 1923, and the defendants relying upon these representations and believing the same to be true, purchased the truck, which in fact had been manufactured prior to April 7th, 1922, and on or about May 9th, 1922, had been sold by New Haven dealers to one Ford, by whom it was continuously used until June, 1925. This, together with other facts found, is sufficient to support the conclusion of fraud on the part of the plaintiff. The situation of the plaintiff as disclosed by the finding, as to means of knowledge of the fact as to the year of the truck, was such that its agent is to be treated "as stating that he knows that whereof he affirms, and so as guilty of a fraud." *Schofield Gear & Pulley Co.* v. *Schofield,* 71 Conn. 1, 19, 40 Atl. 1046; *O'Neill* v. *Conway,* 88 Conn. 651, 654, 92 Atl. 425.

The trial court was justified in refusing to find that the defendants knew that the truck was of the year 1922 instead of 1923 before ceasing to make payments on account of the purchase price. Moreover, the plaintiff's contention on the trial, that the defendants, by such continued payments, had waived the right to utilize fraud as a defense or for purposes of counterclaim, is not presented by the reasons of appeal.

The remaining questions relate to the proof of the amount of damages sustained by the defendants by reason of the fraudulent representations. The settled rule in this State makes the measure of such damages " 'the difference between the value of the property at the time of the sale and what it would have been worth if it had been as represented.' " *Ford* v. *Dubiskie & Co., Inc.,* 105 Conn. 572, 578, 136 Atl. 560; *Okoomian* v. *Brandt,* 101 Conn. 427, 430, 126 Atl. 322, and cases cited. The trial court found that this difference, as to the truck in question, was $1,000. This finding was based upon the testimony of a witness who was called

as an expert as to values of the make of trucks under consideration, and whose qualifications as such do not appear to be questioned. This witness was first asked, in substance, his opinion as to the difference in value, in 1925, between a truck of the specified make and capacity, manufactured in 1922, and one manufactured in 1923, having had similar history as to kind of use and reconditioning, and replied, in effect, that the market value of such trucks depends on various elements, including the time of year, and that the only fair way of ascertaining the difference in value would be on the basis of comparative depreciation. He was then asked the difference in depreciation between a 1922 and a 1923 truck of the specified make and capacity, each used in the same way up to the fall of 1925, and reconditioned in the same way, and, over objection, stated such difference as "about $1,000." The claims of the appellant that this evidence was inadmissible and that it is inadequate to support the finding appear to be placed on the ground that evidence of market value, only, is germane to and determinative of the question of damages. While admissible as an element to be considered in ascertaining the difference in value, market value is necessarily more or less a matter of estimate and is neither conclusive nor exclusive for that purpose. *Ford* v. *Dubiskie & Co., Inc., supra,* p. 580; *Griffin* v. *Roanoke R. & L. Co.,* 140 N. C. 514, 53 S.E. 307, 6 L.R.A. (N.S.) 463; *Rogers* v. *Rosenfeld,* 158 Wis. 285, 149 N.W. 33; *Hubbell* v. *Meigs,* 50 N.Y. 480; 27 Corpus Juris, p. 108. Evidence as to the difference in amount of depreciation was properly admitted. In giving such evidence, under the circumstances disclosed by the record, the witness might fairly be considered by the trial court as having adopted the method of stating the difference in value between the truck as it was, and as it would have

been if as represented, instead of testifying to the respective values and leaving to the trier the computation of the difference. This evidence was sufficient to support the finding made as to such difference.

There is no error.

In this opinion the other judges concurred.