REBECCA SCHUMACHER *vs*. ROBERT G. MILLER ET AL.

First Judicial District, Hartford, May Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued May 7th—decided June 2d, 1930.

*Henry H. Hunt,* for the appellants (defendants).

*Harry L. Nair,* with whom, on the brief, was *Solomon Elsner,* for the appellee (plaintiff).

BANKS, J. This note, executed December 30th, 1922, was, because of the provision therein for the payment of taxes, a non-negotiable note under the then existing statutory provisions. *Mechanics Bank* v. *Johnson,* 104 Conn. 696, 134 Atl. 231. In *Mazurkiewicz* v. *Dowholonek,* 111 Conn. 65, 149 Atl. 234, decided since this case was tried, we held that Chapter 146 of the Public Acts of 1927, which purported to validate and confirm the negotiability of such notes theretofore executed, was ineffective to change their character from that of nonnegotiable to that of negotiable instruments. This case was tried upon the assumption that the note in question was a negotiable instrument. The defense interposed was that due pre-

sentment was not made in accordance with the requirements of the Negotiable Instruments Act, and the appeal is based solely upon the claimed failure of the plaintiff to comply with the provisions of that Act as to presentment and notice of dishonor. No claim was made upon the trial that the plaintiff had failed to allege or prove such facts as would entitle her to recover against the defendants as indorsers of a nonnegotiable note, and the appeal raises no such question. Not only are we not bound to consider claims of error which do not appear upon the record to have been raised on the trial and which are not specifically stated in the reasons of appeal, but we deem that in this case justice requires that we confine our consideration to the claimed errors as they appear upon the case made in the trial court, where all parties treated the note as a negotiable instrument. The defendants' claim, upon which their appeal is based, that there was no proper presentment or notice of dishonor as required under the Negotiable Instruments Act, if sustained, would not of course relieve them of liability as indorsers upon the note as a nonnegotiable instrument.

The several assignments of error raise the single question of whether the court erred in holding that presentment for payment, made upon the date that the plaintiff exercised her option under the acceleration clause of the note, was a valid and sufficient presentment as against the defendant indorsers. In so far as concerns the liability of an indorser upon any particular instalment of a note which is due and unpaid, his undertaking is the same as upon a separate note falling due upon that date, to wit, that he will discharge it, if not otherwise paid, upon due presentment and notice of dishonor. *Warneke* v. *Preissner,* 103 Conn. 503, 507, 131 Atl. 395. The liability of the defendants as indorsers upon the particular instal-

ment of $450 which fell due on June 30th, 1928 was undoubtedly conditioned upon presentment of that instalment to the makers on that day, and due notice of dishonor to the defendants (General Statutes, §§ 4424, 4429, 4447)—this quite apart from any consideration of the effect of the acceleration clause in the note. If we rightly understand the defendants' contention it is that the acceleration clause operated only to entitle the holder to consider the note as an entirety due and payable on June 30th, 1928, the date of maturity of the $450 instalment, and that presentment for payment, to bind the indorsers, should have been made not later than the expiration of the five day period thereafter. The argument involves the assumption that the acceleration clause was self-executing and operated automatically so that the entire amount of the note became due and payable on July 5th, 1928. The acceleration clause in this note provides that if any instalment shall remain unpaid for five days the entire note shall become due and payable "at the option of the holder thereof." Clearly the accelerating clause here is not self-executing, but merely confers on the holder an option to declare the entire debt due upon default in payment of an instalment. The entire note does not become due until the holder exercises his option, which he may do within a reasonable time, and the liability of the indorser is fixed by presentment upon the day when the option is exercised with due notice of dishonor to the indorser. *Kinsel* v. *Ballou*, 151 Cal. 754, 91 Pac. 620; *Wagner* v. *Benjamin*, 120 Wash. 532, 207 Pac. 1045; 1 Daniel on Negotiable Instruments (6th Ed.) § 787, note 33; 8 Corpus Juris, § 611, p. 418. The court found that the plaintiff exercised her option within a reasonable time, and the assignment of error based upon that conclusion is not pursued by the defendants.

It follows that the court did not err in holding that there was a valid and sufficient presentment of the note with due notice of dishonor to the defendants as indorsers.

There is no error.

In this opinion the other judges concurred.