MARY MACKEY *vs.* PAUL DOBRUCKI.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 4th—decided May 16th, 1933.

*Thomas M. Shields* and *George H. Gilman,* with whom, on the brief, was *William H. Shields,* for the appellant (plaintiff).

*Samuel B. Harvey,* for the appellee (defendant).

AVERY, J.  August 28th, 1916, Samuel Rosenberg, the owner of a farm in Franklin, executed a note and mortgage on the farm for $2000 to James Mackey. July 7th, 1929, Paul Dobrucki became the owner of the property subject to the mortgage.  July 21st, 1930, James Mackey assigned the note and mortgage to Mary Mackey, the plaintiff. The note and mortgage contained provisions that the mortgage should not be foreclosed if interest on the note and taxes, assessments and insurance on the mortgaged property were paid "promptly."  In the mortgage itself, it was provided that so long as these payments were made "promptly" the grantee should not be entitled to foreclose for a period of twenty-five years.  The plaintiff claimed that the defendant had failed to pay promptly the

taxes due the town and the interest in accordance with the provisions of the note and mortgage.

From the finding, it appears that town taxes in Franklin are due April first of each year, and are payable without interest within thirty days thereafter. The defendant paid the taxes for 1930 on May 5th; for 1931 on June 9th, together with interest of $1.42; and for 1932 on June 15th, together with interest of $2.48. On June 13th, 1932, two days before the defendant paid the taxes for that year, the attorney for the plaintiff called upon the defendant upon the premises and demanded payment of the principal and interest on the mortgage note, because of failure to pay taxes and to meet interest payments promptly. The defendant did not make the payment demanded on June 13th, 1932, but told the attorney that he would call at his office the following Friday and make arrangements to procure a bank mortgage and pay the plaintiff. He did not appear at the office of the attorney on that day nor at any time since, but paid the taxes on June 15th. The present suit was commenced by service on the defendant July 14th, 1932.

It appears that prior to the payment of the interest falling due on August 28th, 1932, after this action was commenced, previous payments had been made by check sent through the mail addressed to the holder of the note at 12 Whitman Street, Malden, Massachusetts, and had been accepted, although some payments had been made when they were several days past due. On August 26th, 1932, the defendant sent his check for the interest due August 28th to the plaintiff by registered mail, directed to her address at Malden. In the previous April, the plaintiff had moved to another address of which the defendant had received no notice. The registered letter was not delivered to the plaintiff, but was returned to the de-

fendant and was presented by him unopened in evidence at the trial; and, when opened in court, contained the check.

Upon these facts, the trial court determined that there had been no default in the payment of taxes or interest such as to entitle the plaintiff to foreclose the mortgage. The only question involved upon this appeal is the correctness of this conclusion.

The note was without apt words of negotiability and was nonnegotiable for this reason; *Windsor Cement Co.* v. *Thompson,* 86 Conn. 511, 86 Atl. 1; *Smith & Co.* v. *Hurlburt Co.,* 93 Conn. 391, 399, 106 Atl. 309; and, also, because of the provision for payment by the maker of interest, assessments and taxes upon the mortgaged property. *Mechanics Bank* v. *Johnson,* 104 Conn. 696, 700, 134 Atl. 231; *Piascyk* v. *Malon,* 116 Conn. 418, 423, 165 Atl. 352, 354. It did not state any due date and was, therefore, payable on demand, *Raymond* v. *Sellick,* 10 Conn. 480, 485, with a stipulation against foreclosure of the mortgaged property and insurance on the mortgaged property were paid "promptly." The stipulation was not, as in *Eberich* v. *Solomon,* 112 Conn. 498, 503, 152 Atl. 823, an acceleration clause whereby the maturity of a debt due at some future time is accelerated at the option of a creditor because of the nonperformance of some act, but rather an agreement not to enforce an obligation due on demand as long as certain acts were performed by the debtor. The purpose of the stipulation in the note and mortgage was not only to protect the holder of the mortgage so that his interest in the property would not be impaired if neglected on the part of the mortgagor, but also to protect the mortgagor from foreclosure upon his observance of the provisions of the stipulation. The right, therefore, to maintain this action to foreclose the mortgage was dependent upon

the failure of the defendant to observe a condition of the agreement, and the consequent forfeiture of his right to the further protection under it of his equity of redemption in the mortgaged property. Where an agreement secured is simply one for the payment of money, the power of a court of equity in cases properly requiring it will be exercised to relieve a party against forfeitures and penalties not occasioned by his wilful neglect, upon the principle that one having a legal right shall not be permitted to avail himself of it for the purpose of injustice or oppression. *Noyes* v. *Anderson*, 124 N. Y. 175, 179, 26 N. E. 316; *Giles* v. *Austin*, 62 N. Y. 486, 493; 1 Pomeroy's Equity Jurisprudence (4th Ed.) § 450. Interest did not commence to run against the taxes of 1932 until May 1st, and the defendant paid the taxes forty-six days thereafter with $2.48 interest, and before this suit was commenced. The payment of the money which the forfeiture was intended to secure having been made before the suit was commenced, equity will not allow the forfeiture to be enforced, the holder of the mortgage having obtained all that the forfeiture was intended to secure. *Noyes* v. *Anderson, supra; Germania Life Ins. Co.* v. *Potter,* 109 N. Y. Sup. 435, 437; *Ver Planck* v. *Godfrey,* 58 N. Y. Sup. 784, 787; *Fleming* v. *Franing,* 22 Okl. 644, 98 Pac. 961, 963; *Potter* v. *Schaffer,* 209 Mo. 586, 108 S. W. 60, 62; *Hughes* v. *Kaw Investment Co.,* 133 Miss. 48, 97 So. 465, 31 A. L. R. 727, and note p. 733.

All payments of interest previous to August 28th, 1932, had been accepted by the plaintiff, even though late. With reference to that payment, mailed in time but not delivered and received because the plaintiff had changed her address, it is not equitable that she should be allowed to take advantage of the situation. " 'The rule is well settled that if a person to whom

money is due, either by express assent or direction, or a course of dealing from which such assent may be inferred, authorizes its transmission by mail, the person from whom it was due is absolved by evidence that it was duly deposited with a proper direction in the post-office.' " *Console* v. *Torchinsky,* 97 Conn. 353, 356, 116 Atl. 613. It is true that in this case the letter was returned to the defendant unopened and he, therefore, knew that the plaintiff had not received it. But the finding is silent as to any knowledge on his part of the reason why it was returned, and so far as the facts appear he may have assumed that the plaintiff was unwilling to receive it after the foreclosure action was begun when he was represented by attorneys. As far as the facts before us go, we cannot assume that after the defendant received the letter on its return he was under any obligation to make inquiries as to the new address of the plaintiff or to take any other steps in the matter.

We have followed counsel in discussing the failure of the defendant to make the payment of interest. This occurred after the action was brought, but as it is an equitable proceeding it would have been proper to amend the complaint to include it. Instead of doing this, the plaintiff set it up in her reply. This was not proper procedure. The office of a reply is to meet matter averred in the answer. It should not be used to set up facts for the purpose of obtaining distinctive affirmative relief. *Watson* v. *Ruderman,* 79 Conn. 687, 689, 66 Atl. 515.

There is no error.

In this opinion the other judges concurred.