JENNIE BIRENBAUM v. AARON E. ELFENBEIN ET AL.

COURT OF COMMON PLEAS    NEW LONDON COUNTY    FILE No. 9948

Memorandum filed January 15, 1946.

*Hull, McGuire & Hull, Griswold Morgan, George C. Morgan,* all of New London, and *Birmingham & Kennedy,* of Hartford, for the Plaintiff.

*Morris Lubchansky,* of New London, and *Coles & O'Connell,* of Bridgeport, for the Defendant.

BORDON, J.   There is no legal obligation on the parties to be neighborly, but it would have saved both a great deal of trouble and expense if they had exhibited more charitable attitudes towards each other. This becomes increasingly apparent when the cause of the controversy is viewed on the premises. The plaintiff magnified, in her own mind, her consequential damage, and the defendants aggravated her apprehensions by removing, without color of right, the obstructions she rightfully

placed on her land. At any rate, the defendants have now permanently arranged for other exits from their premises and the plaintiff's source of aggravation has been alleviated.

The plaintiff expended $197.55 for fences and surveys, and if she is reimbursed for this, plus a nominal sum for her damage, she will have been fully compensated. The defendants made an offer of judgment of $210, which the Court regards as adequate. However, because this is an action in which the claim is for an unliquidated amount, the judgment should carry full costs.

The plaintiff also seeks an injunction to restrain the defendants from continuing the trespass complained of. In view of the testimony that the defendants have substituted another exit and do not intend to use their rear door for that purpose, an injunction would seem to be an idle and useless remedy.

Injunctions fall within the field of equitable remedies and not equitable rights, and are necessarily prospective in their operation. Whether or not a plaintiff is entitled to relief is determined, not by the situation existing when the action is begun, but by that which is developed at the trial. *Woodbridge v. Pratt & Whitney Co.* 69 Conn. 304; *Mackey v. Dobrucki,* 116 Conn. 666.

"In equitable proceedings, any events occurring after their institution may be pleaded and proved which go to show where the equity of the case lies at the time of the final hearing." *Duessel v. Proch,* 78 Conn. 343, 350.

A full discussion of this subject is contained in the case of *Loew's Enterprises, Inc., v. International Alliance of T. S. E.,* 127 Conn. 415, to which reference is made. See also *Goodwin v. New York, New Haven & Hartford Railroad Co.,* 43 Conn. 494.

The plaintiff's claim for an injunction is denied.

Judgment may be entered for the plaintiff to recover the sum of $210 and costs.