## THERESA TSEKA v. IDA SHER

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 76305

Memorandum filed November 26, 1946.

*Aaron Nassau* and *Solomon Elsner,* both of Hartford, for the Plaintiff.

*Ralph G. Woolfson,* of Hartford, for the Defendant.

INGLIS, J. This is an action to compel specific performance of a contract to convey real estate, which contract was contained in a lease running from the defendant to the plaintiff's predecessor in ownership of the leasehold interest. The answer alleges that the lease was no longer binding on the defendant because there had been various defaults therein by the lessee, in that she had conveyed the lease without the lessor's consent, had failed to make payments of rent on time, had failed to pay water bills and plate glass insurance premiums on time, and had failed to protect the lessor against public liability. The more specific statement to the answer shows that the arrearages of rent, water bills, plate glass insurance and liability insurance premiums had all been paid by the plaintiff.

The reply alleges that the defendant acquiesced in and waived all of these claimed defaults under the lease and that she has not been damaged by them.

The gist of the demurrer is that, because of the provision in the lease to the effect that "after default made in any of the covenants herein contained, acceptance of rent or failure to re-enter by the lessor shall not be held to be a waiver of her right to terminate the lease, and said lessor may re-enter and take

possession of said premises the same as if no rent had been accepted after such default," there had been no waiver by the acceptance of rent. Secondly, it is directed to the allegation that the defendant has not been harmed by the defaults on the ground that that is immaterial.

It is to be noted that the first ground of demurrer is directed to the replies to the various defenses only in so far as those replies allege waiver by the lessor of the various claimed breach-es of the lease by the acceptance of rent. The question, there-fore, is as to whether the clause of the lease quoted above must be interpreted in such a way as to prevent a waiver's being in-ferred from the acceptance of rent after a breach.

The contention of the plaintiff is that the clause should be interpreted to mean simply that by accepting rent after one breach the lessor is not precluded from declaring a termination of the lease on the happening of a similar breach in the future. That is, her claim is that, under this clause, if the landlord ac-cepts rent after one breach he has waived his right to declare a forfeiture of the lease on account of that breach but, by virtue of the clause, he is not held to countenance that kind of a breach so as to be prevented from terminating the lease upon the subsequent happening of a similar breach.

Such an interpretation is hardly tenable, because the clause not only provides that the later acceptance of rent shall not be held to be a waiver of the landlord's right to terminate the lease but it also goes on to provide that "said lessor may re-enter and take possession of said premises *the same as if no rent had been accepted after such default.*" This can mean only one thing, and that is that the landlord shall stand in the same posi-tion with reference to the termination of the lease as he would have stood if he had not accepted the rent.

As it is said in *Hoffman Wall Paper Co., Inc.* v. *Hartford,* 114 Conn. 531, 537, with reference to an identical clause: "The agreement was an unusual one, but we know of no reason why it was not valid . . . The effect of it would be that, after a de-fault once occurred, the lease became, in the absence of an estoppel, one terminable at the will of Hoffman."

It is, therefore, concluded that the mere acceptance of rent by the defendant after any breach of condition by her lessee could not, by reason of this clause of the lease, operate as a waiver of that breach.

As regards the second ground of demurrer addressed to the allegation in each of the replies to the effect that the defendant was not harmed by any of the various breaches alleged, it is apparent that this allegation has a bearing on the question of whether the defendant may enforce a forfeiture of the lease on account of those breaches. Equity will relieve against a for- feiture under certain conditions. *Mackey* v. *Dobrucki,* 116 Conn. 666. One of those conditions is that the one seeking the forfeiture was not materially harmed by the breach. Clearly, therefore, the allegation in question is one material to the plead- ing.

The demurrer to the reply is sustained as to the first ground stated and overruled as to the second ground stated.